J-S68045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY YOUNG | |
| Appellant | No. 2147 EDA 2014 |

Appeal from the Judgment of Sentence March 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002841-2012

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                     **FILED December 18, 2015**

Appellant, Anthony Young, appeals from the March 21, 2014 aggregate judgment of sentence of five to ten years' imprisonment, followed by five years' probation, imposed following his convictions for rape by forcible compulsion, rape by threat of forcible compulsion, rape of a child, sexual assault, indecent assault, indecent exposure, simple assault, and terroristic threats.[1]  After careful review, we affirm.

The trial court has summarized the factual history of this case as follows.

> In 1999, M.A. was four years old and lived with her great-grandmother, [], in Camden, New Jersey.

_____

[1] 18 Pa.C.S.A §§ 3121(a)(1), 3121(a)(2), 3121(c), 3124.1, 3126(a)(7), 3127(a), 2701(a), and 2706(a)(1), respectively.

When she was six or seven years old, [Appellant] started touching M.A. sexually at her great-grandmother's home. [Appellant's] sexual contact with M.A. progressed to sexual assaults including having oral sex with M.A. in her bedroom at her great-grandmother's home in Camden. [Appellant] touched more than once the outside and inside of M.A.'s vagina with his hands and penis, as well as put his penis inside M.A.'s mouth.

When she was seven or eight years old, M.A. visited her aunt, [], … in Philadelphia, Pennsylvania. On more than one occasion at her aunt's home, [Appellant] made M.A. "perform oral presentation to him, and he pretty much like used his private and performed things on him and touched me the same." At trial, when M.A. was asked if she wanted the behavior to happen, she responded, "[n]o." M.A. also testified that, at the time of the assaults, she told [Appellant], "[n]o." She explained, "[h]e would just make me do it, and [at] one point I told him I would tell, and he would pretty much threaten me and still made me do it." [Appellant] threatened M.A. by saying "he would hurt me, my family, my mom[.]" [Appellant] sexually assaulted M.A. at least three or four times at her aunt's home … in Philadelphia. M.A. did not tell anyone of the sexual assaults at the time because she was scared and because [Appellant] threatened to hurt her if she told anyone. M.A. was also concerned that something would happen to her family if she told anyone that [Appellant] sexually assaulted her.

From time to time, M.A. would visit her family in Ohio where [Appellant] resided for a short period of time. During one visit, [Appellant] forced M.A. to perform oral and vaginal sex with him in Ohio. M.A. did not tell anyone about these assaults because [Appellant] threatened her and also burned her leg in Ohio. On the way back to Camden, New Jersey, M.A. visited her maternal aunt, [], in Philadelphia. She did not tell [her aunt] about the assault by [Appellant] in Ohio because she was scared of him.

Trial Court Opinion, 1/21/15, at 1-2 (citations and footnotes omitted).

M.A. first disclosed her abuse to her grandmother in 2008 and received behavioral treatment. N.T., 11/16/13, at 152-154. Later, in 2011, M.A. disclosed the abuse to her high school counselor, who instructed M.A. to write a letter to the police describing Appellant's actions. *Id.* at 154-158. Thereafter, on March 23, 2012, the Commonwealth filed an information charging Appellant with the aforementioned offenses as well as incest and recklessly endangering another person (REAP).[2] Appellant waived his right to a jury trial and a two-day bench trial commenced on December 16, 2013. At the conclusion of the trial, the trial court found Appellant guilty of one count each of rape by forcible compulsion, rape by threat of forcible compulsion, rape of a child, sexual assault, indecent assault, indecent exposure, simple assault, and terroristic threats and acquitted Appellant of incest and REAP. The trial court sentenced Appellant, on March 21, 2014, to an aggregate term of five to ten years' imprisonment, followed by five years' probation.[3] Appellant filed a timely post-sentence motion on March 31,

---

[2] 18 Pa.C.S.A. §§ 4302 and 2705, respectively.

[3] Specifically, the trial court sentenced Appellant to five to ten years' imprisonment for rape of a child and concurrent terms of five years' probation for each count of indecent exposure, simple assault, and terroristic threats. The trial court determined the remaining rape and sexual assault charges merged with the sentence for rape of a child. Trial Court Order, 3/21/14, at 1-2.

2014, which the trial court denied on June 20, 2014. On July 18, 2014, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant raises the following issue for our consideration.

> Was the evidence presented at trial sufficient as a matter of law to support the convictions in this matter?

Appellant's Brief at 4.

We employ a well-settled standard of review over claims challenging the sufficiency of the evidence. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." ***Commonwealth v. Patterson***, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, **Patterson v. Pennsylvania**, 135 S. Ct. 1400 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Watley***, 81 A.3d 108, 113

---

[4] On July 23, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant filed his statement on August 12, 2014. Thereafter, the trial court filed an opinion pursuant to Rule 1925(a) on January 21, 2015.

(Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" **Id.** (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." **Commonwealth v. Orie**, 88 A.3d 983, 1014 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Diamond**, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied, Diamond v. Pennsylvania*, 135 S. Ct. 145 (2014).

Appellant argues, "the evidence presented at trial, when carefully reviewed in its entirety, is so unreliable and contradictory that it is incapable of supporting a verdict of guilty, and thus, is insufficient as a matter of law." Appellant's Brief at 26. However, before we may address the merits of Appellant's claim, we must first address whether Appellant has preserved this issue for our review. Pennsylvania Rule of Appellate Procedure 1925(b) requires Rule 1925(b) statements to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). Any issue not raised in accordance with Rule 1925(b) is waived. Pa.R.A.P. 1925(b)(4)(vii).

Our Supreme Court has clarified that Rule 1925(b) is a bright-line rule. ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011). Additionally, with regard to claims pertaining to the sufficiency of the Commonwealth's evidence, we have stated as follows.

> In order to preserve a challenge to the sufficiency of the evidence on appeal, **an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient**. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (internal quotation marks and citations omitted; emphasis added).

In the instant case, Appellant was convicted of eight, separate offenses, yet Appellant's challenge to the sufficiency of evidence in his Rule 1925(b) statement baldly asserted, "[t]he evidence was insufficient as a matter of law to convict defendant of the charges." Appellant's Rule 1925(a) Statement, 8/12/14.

Based on our cases, we are constrained to conclude that Appellant has not complied with Rule 1925(b) because his concise statement fails to specify which elements of the listed offenses the Commonwealth did not prove beyond a reasonable doubt. ***See Garland***, ***supra*** (concluding that Garland's bald Rule 1925(b) statement that "[t]he evidence was legally insufficient to support the convictions[]" was non-compliant with Rule

- 6 -

1925(b)); ***Commonwealth v. Williams***, 959 A.2d 1252, 1256 (Pa. Super. 2008) (concluding that Williams' bald Rule 1925(b) statement that "[t]here was insufficient evidence to sustain the charges of Murder, Robbery, VUFA no license, and VUFA on the streets … [t]hus [Appellant] was denied due process of law[]" was non-compliant with Rule 1925(b)). Accordingly, Appellant has waived this argument.

Based on the foregoing discussion, we conclude Appellant is not entitled to relief. Therefore, we affirm the March 21, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2015