J. S12037/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                          :             PENNSYLVANIA
                    v.               :
                                       :
KENYOTTA FRUQUAN THOMAS,      :        No. 1331 MDA 2017
                                       :
              Appellant      :

Appeal from the Judgment of Sentence, July 24, 2017,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0005238-2016

BEFORE:  LAZARUS, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:      **FILED APRIL 04, 2018**

Appellant, Kenyotta Fruquan Thomas, appeals from the July 24, 2017 judgment of sentence entered by the Court of Common Pleas of York County following his conviction of simple assault and harassment.[1]  After careful review, we dismiss appellant's appeal for failure to properly preserve his issues for appellate review.

The trial court provided the relevant procedural history:

> On May 23, 2017, following a bench trial, [the trial c]ourt found [appellant] guilty of the charges listed *supra*.  On July 24, 2017, [appellant] was sentenced to twelve (12) months' probation along with the requirement that he complete fifty (50) hours of community service on the charge of simple assault under 18 Pa.C.S.A. 2701(a)(1).  The charge of harassment under 18 Pa.C.S.A. 2709(a)(1), merged

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 2709(a)(1), respectively.

> with the simple assault charge for sentencing purposes.
>
> On August 23, 2017, [appellant], by and through his counsel, filed a Notice of Appeal. By order dated August 25, 2017, and filed on August 31, 2017, [the trial c]ourt directed [appellant] to file a Statement of Errors Complained of on Appeal. On September 25, 2017, [appellant] filed a Statement of Matters Complained of under Pa.R.A.P. 1925(b) raising a sufficiency of the evidence claim, asserting that the Commonwealth's evidence did not support the [t]rial [c]ourt's verdict of guilty of simple assault and harassment.

Trial court opinion, 11/14/17 at 2-3. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on November 14, 2017.

Appellant raises the following issue for our review: "Whether the Commonwealth presented sufficient evidence at trial to sustain the trial court's verdict finding [appellant] guilty of Simple Assault and Harassment?" (Appellant's brief at 3 (citations and footnotes omitted).)

The Pennsylvania Rules of Appellate Procedure require an appellant to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge," within the concise statement of errors complained of on appeal. Pa.R.A.P. 1925(b)(4)(ii). Pennsylvania courts have consistently held that for sufficiency of the evidence challenges, an appellant's 1925(b) statement "needs to specify the element or elements upon which the evidence was insufficient." **Commonwealth v. Tyack**, 128 A.3d 254, 260 (Pa.Super. 2015), quoting **Commonwealth v. Williams**, 959 A.2d 1252, 1257

(Pa.Super. 2008) (citation omitted). Failure to do so results in waiver of the issue on appeal. *Id.*

Here, similar to the defendant in *Tyack*, appellant provides a boilerplate Rule 1925(b) statement, averring as follows: "Sufficiency of the evidence: the Commonwealth's evidence did not support the [t]rial [c]ourt's verdict of guilty of Simple Assault and Harassment." (Appellant's Rule 1925(b) statement; *see also Tyack*, 128 A.3d at 260.) Appellant failed to specify any element upon which he claims that the Commonwealth's evidence was insufficient. Accordingly, appellant's sole issue has been waived on appeal. Even if we were to address appellant's issue on its merits, we would affirm based on the trial court's opinion regarding the sufficiency of the evidence to convict appellant.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2018

- 3 -