J-S72045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES LEE HANKINS | : | |
| | : | |
| Appellant | : | No. 651 MDA 2018 |

Appeal from the Judgment of Sentence March 16, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0002596-2016

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:*                          **FILED JUNE 11, 2019**

James Lee Hankins appeals from the aggregate judgment of sentence

of fifty-two to 114 months of imprisonment imposed after he was convicted of

nine crimes related to a drug sale and its aftermath.  We affirm.

The trial court summarized the underlying facts as follows.

> Detectives John Munley and Harold Zech, on September 15, 2016, met with a confidential informant, Sean Gaiduli (hereinafter [referred to] as "CI").  He reported he could purchase heroin and crack cocaine from [Appellant].  The CI was able to give a brief physical description of [Appellant], as well as [Appellant]'s telephone number.

> [O]n September 19th the CI placed a phone call to [Appellant] in order to arrange the purchase quantity of heroin and crack cocaine.  Detective Zech intercepted and recorded the phone conversation.  Text messages were exchanged between the CI and [Appellant] and were shown to the detectives.  Finally, the detectives placed an audio recording device on the CI to record conversations between [Appellant] and the CI.  Arrangements

_____

* This matter was reassigned to this author on May 10, 2019.

were made for the CI to make a controlled buy from [Appellant] at Goodfellas Pizza in the city of Scranton. Detectives and Scranton police officers set up surveillance at Goodfellas Pizza. Detective Zech drove the CI to the back of the restaurant. After arriving at Goodfellas, Detective Zech saw a male, later identified as [Appellant], arrive on scene.

[Appellant] and the CI met behind Goodfellas Pizza. The police and detectives listened to their conversation via the audio recording device. After the transaction was completed, the CI gave the drugs to Detective Vincent Butkiewicz. The drugs were then field tested and determined to be opiates and cocaine.

The police initiated a stop of [Appellant]. He ran from the police. He was ultimately arrested when the Scranton police chased after him. He ran into the residence of an individual named Kayla Askew. . . . While running [Appellant] threw his cell phone on the ground and the police recovered it. It was determined that the cell phone number matched the number used to set up the drug purchase. [Appellant] was taken into custody in the basement of Ms. Askew's residence. The buy money was found hidden in [a] Tupperware container in the basement.

Trial Court Opinion, 6/26/18, at 2-3 (citations and unnecessary capitalization omitted).

Appellant filed an omnibus pretrial motion seeking, *inter alia*, to suppress the intercepted communications between the CI and himself, as well as the physical evidence seized from Appellant's person and Ms. Askew's residence. The suppression motion was denied after a hearing. The case proceeded to a non-jury trial at which, *inter alia*, the CI and Detectives Zech and Butkiewicz testified. The trial court convicted Appellant of two counts each of delivery of a controlled substance, possession of a controlled substance, and possession of drug paraphernalia, as well as one count each

of criminal use of a communications facility, tampering with evidence, and resisting arrest.

Appellant was sentenced as noted above following a pretrial investigation.  He filed no post-sentence motion, but filed a timely notice of appeal and court-ordered statement of errors complained of on appeal.  The trial court authored an opinion pursuant to Pa.R.A.P. 1925(a), and this matter is ripe for our review.

Appellant presents the following questions for our consideration, which we have reordered for ease of disposition.

> A.  Whether the evidence was insufficient as a matter of law with regards to the charges of resisting arrest and tampering with or fabricating evidence.
>
> B.  Whether the suppression court erred when it denied Appellant's omnibus pre-trial motion to exclude/suppress all evidence derived from electronic surveillance of conversations between Appellant and [the CI] recorded on September 19, 2016 under the Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S.A. § 5701, *et seq*. [("Wiretap Act")], for [various] reasons[.]
>
> C.  Whether the suppression court erred in refusing to suppress all evidence obtained from Appellant's person and from the warr[a]ntless search of [Ms. Askew's residence], when it was obtained as a result of a wiretap violation, and therefore "fruit of the poisonous tree."

Appellant's brief at 4-5 (unnecessary capitalization omitted).

We begin with Appellant's sufficiency challenge, setting forth the relevant legal principles.  Evidentiary sufficiency is a question of law, for which our standard and scope of review are *de novo* and plenary, respectively.

- 3 -

*Commonwealth v. Williams*, 176 A.3d 298, 305-06 (Pa.Super. 2017). In order to preserve a sufficiency-of-the-evidence claim for appellate review, when directed to file a Rule 1925(b) statement by the trial court, an appellant "must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal." *Commonwealth v. Hoffman*, 198 A.3d 1112, 1125 (Pa.Super. 2018) (internal quotation marks omitted). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id*. (cleaned up).

In his Rule 1925(b) statement, the only sufficiency challenge Appellant raised was "Whether the verdicts were supported by sufficient evidence?" Concise Statement, 5/9/18, at ¶ 4. The trial court opined that this generic allegation of evidentiary sufficiency was inadequate to preserve any sufficiency challenges for appeal. Trial Court Opinion, 6/26/18, at 10-11. We agree.

Appellant's bald claim that the evidence was insufficient, without identifying which element or elements of the nine different convictions he was challenging, results in waiver. *See*, *e.g.*, *Commonwealth v. Williams*, 959 A.2d 1252, 1258 n.9 (Pa.Super. 2008) (holding sufficiency challenge was not preserved where appellant was convicted of murder, robbery, possessing instruments of crime, and firearms violations, and failed to specify which

elements he was challenging or why the evidence was insufficient). Indeed, given that Appellant in his brief challenges only two of his nine convictions, it would have been a substantial waste of judicial resources to have required the trial court to have gone through the elements of all of the other convictions and detailed where in the record the Commonwealth produced evidence to satisfy every element of each. As such, no relief is due on Appellant's sufficiency challenges.

Appellant next claims the suppression court erred in denying his motion to exclude all statements obtained through electronic surveillance of his conversations with the CI. The following principles guide our review of this issue.

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa.Super. 2017) (cleaned up).

Appellant claims that the suppression court erred in failing to rule that the Commonwealth did not comply with various requirements of the Wiretap Act. Specifically, Appellant notes the following deficiencies: "1. the intercept was not supported by reasonable grounds to suspect criminal activity; 2. the intercept was based upon to[o] stale information; 3. the intercept was based upon a defective memorandum of approval; [and] 4. the memorandum of approval was not supported by valid consent[.]" Appellant's brief at 4 (unnecessary capitalization omitted). Appellant further contends that the failure to suppress the statements was not harmless error. *Id*.

The suppression court addressed Appellant's contentions as follows.[1]

> The Wiretap Act generally prohibits intercepting, using or disclosing private communications between individuals, however, there are exceptions. One such exception allows for investigative or law enforcement officers or a person acting at the direction or request of an investigative or law enforcement officer to intercept a wire, electronic or oral communication involving suspected criminal activity where one of the parties to the communication has given prior consent to such interception. Despite this exception, in order to make such an interception under the Wiretap Act the district attorney, or an assistant district attorney designated in writing by the district attorney of the county wherein the interception is to be instituted, must review the facts and be satisfied that the consent is voluntary, and give their prior approval for the interception. Police officers must articulate reasonable grounds for the monitoring or the assistant district

---

[1] The suppression court noted that Appellant's Wiretap Act claims were vague, but addressed them nonetheless. Suppression Court Opinion, 12/15/17, at 14. We conclude that Appellant sufficiently identified challenges to the voluntariness of the CI's consent and the adequacy of the paperwork in the lower court to preserve them for our review. *See*, *e.g.*, Brief in Support of Amended Omnibus Pretrial Motion, 8/3/17, at 14-15; N.T. Omnibus Hearing, 9/29/17, at 16-19.

attorney mast verify that these reasonable grounds exist. . . . [N]either the Wiretap Act or relevant case law requires that a memorandum of consent be executed by the proper authority. Surveillance conducted with the consent of a party to the conversation is not subject to the exacting standards of authorization required for non-consensual surveillance under the Wiretap Act.

In regards to consent, a totality of the circumstances must be considered when determining whether a party freely provided knowing, intelligent, and voluntary consent. The fact that an Assistant District Attorney determines the voluntariness of the confidential informant's consent and approved the intercept over the phone does not violate the requirements of [the Wiretap Act].

. . . The Wiretap Act requires only that where suspected criminal activity is involved, the district attorney review the facts and be satisfied that consent is voluntary, and give prior approval for the interception. As stated *supra* the court finds the Commonwealth properly adhered to the Wiretap Act requirements. Detective Zech testified that upon receiving, information from the [CI] about a black male with a stocky build and dread-locked hair known as "D –Brown" selling narcotics and crack cocaine in the Scranton area, he had the [CI] consensualized so that all communications between the [CI] and D-Brown could be intercepted, including the phone calls, text messages, and covert audio recording device. The Commonwealth presented a memorandum of approval, a memorandum of consent, and a memorandum of interception. The [CI] was consensualized by ADA Brian Gallagher. The information was relayed to ADA Gallagher who interviewed the [CI] and determined his/her consent was voluntary. Based on his review of the facts and the [CI]'s consent he authorized detectives to intercept and record phone calls with [Appellant] and/or anyone who may be working with him to make the intended drug transaction. As such, the interception/recording of the [CI]'s phone calls were justified based on compliance with the Wiretap Act requirements. The court's review of the facts indicates that the actions of Lackawanna County District Attorney's office followed the directives of the statute.

Suppression Court Opinion, 12/15/17, at 13-15 (citations, quotation marks,

and unnecessary capitalization omitted).

Following a review of the certified record and the applicable law, we conclude that Appellant's Wiretap Act claims warrant no relief based upon the suppression court's disposition of them on the merits. ***See also*** 18 Pa.C.S. § 5704(2)(ii) (providing that it is not unlawful and no prior court approval is necessary for interception of communications where one of the parties has consented and, *inter alia*, the ADA "has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception"); ***Commonwealth v. McMillan***, 13 A.3d 521, 525 (Pa.Super. 2011) (holding the relevant section of the Wiretap Act has no temporal restrictions, such that police had reasonable grounds to conclude defendant would discuss past sexual abuse of minor during consensual intercepted phone call although the defendant had not had contact with the minor for more than one and one-half years).

With his last issue, Appellant contends that the physical evidence obtained from Appellant and from the search of Ms. Askew's residence should have been suppressed as fruit of the poisonous tree. Appellant's brief at 28-30. "The fruit of the poisonous tree doctrine excludes evidence obtained from, or acquired as a consequence of, lawless official acts." ***Commonwealth v. Torres***, 177 A.3d 263, 276 (Pa.Super. 2017) (cleaned up). "A fruit of the poisonous tree argument requires an antecedent illegality." ***Id***.

Appellant cites the alleged Wiretap Act violations as the antecedent illegality through which the Commonwealth ultimately obtained the physical

evidence at issue.  However, because Appellant failed to establish that there were Wiretap Act violations, the fruit-of-the-poisonous-tree doctrine does not warrant suppression of the physical evidence obtained thereafter.

Accordingly, we conclude that Appellant has proffered no properly-preserved claim of error that merits relief from this Court.

Judgment of sentence affirmed.

Judge Shogan joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/11/2019