**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Clay WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 19, 2008.
Filed Oct. 22, 2008.

Mary T. Maran, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, MUSMANNO, and BENDER, JJ.

OPINION BY STEVENS, J.:

¶ 1 The instant matter is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on December 5, 2006, at which time the trial court sentenced Appellant Clay Williams (hereinafter "Appellant") to life in prison. Appellant also has filed with this Court a Petition for Remand to Trial Court to Develop Record. Upon our review, we deny Appellant's petition, affirm his judgment of sentence, and dismiss his ineffectiveness of counsel claims without prejudice to raise them on collateral review.

¶ 2 The trial court ably summarized the relevant facts herein as follows:

On the night of March 10, 2005, at approximately 12:17 AM, [sic] Mizael Velez was shot and killed at a Chinese store located on 701 East Thayer Street, Philadelphia, Pennsylvania. Velez had ordered Chinese food from the store a little earlier, and had walked to the store from his home, a few blocks away, to pick up the food. While Velez was waiting in the store, Dante Moore, a friend of [Appellant's], walked in the store. [Appellant], wearing a leather jacket and sawed-off shotgun up his sleeve, walked into the store a minute or so after Moore.

Velez was wearing his cell phone on his hip. [Appellant] demanded the phone from Velez, with the intention of robbing Velez. Velez refused to surrender the phone and [Appellant] left the store. Moore then left the store to walk home and saw [Appellant] outside. [Appellant] then walked back into the store and shot Velez once. Velez was struck in his left arm and his abdomen.

After shooting Velez, [Appellant] then ran out of the store. Moore, who was walking home, heard the shot and saw [Appellant] run by him on the 700 block of Thayer Street. After [Appellant] fled, Vicky Lyn, the owner of the Chinese store[,] called the police.

Officer Wilson, of the Philadelphia Police Crime Scene Unit, testified that there was no ballistic evidence found in the store or in the clothes that the victim was wearing at the time of the

shooting. However, Dr. Bennett Preston, Assistant Medical Examiner of the City of Philadelphia, found twenty-one shotgun pellets and a shotgun cup in Velez's body.

The gun [Appellant] used March 10, 2005, was recovered by police on March 22, 2005. The gun, along with a number of shells, was found in a book bag in the basement of 806 East Thayer Street. The nephew of the owner of the house, one Khalil Wright, was a friend of [Appellant]. Wright admitted that [Appellant] gave Wright the book bag to keep down the basement [sic] the day before it was recovered by police.

Kenneth James Lay of the Philadelphia Firearms Identification Unit examined the shotgun and the ballistic evidence removed from [Appellant's] body. Mr. Lay testified that he determined that the shotgun cup found in Velez's body was consistent with the same type of shotgun recovered from 806 East Thayer Street, but he could not conclude the shot cup was fired from that specific weapon.

[Appellant] was taken into custody on an unrelated warrant on March 22, 2005[,] at approximately 7:15 a.m. He was placed in an interview room at approximately 8:00 a.m. where Detective Don Marano advised him that he wanted to interview him about Velez's death. At about 1:00 p.m. [Appellant] indicated that he wanted to make a formal statement. After giving him *Miranda* warnings, which he waived, [Appellant] [sic] told detective Marano that he had gone to the Chinese store the night of March 10, 2005[,] and he had tried to steal a cell phone from the man in the store.

While so engaged his gun went off and he fled.

In his testimony on August 29, 2005, Dante Moore was questioned about the third statement he gave to a Detective Peterman on March 22, 2005. In it, Moore told detective Peterman the he saw [Appellant] attempt to steal Velez's cell phone at the Chinese store. After Moore had left the store, he heard shots, and then saw [Appellant] run past him.

Trial Court Opinion, filed 6/26/07, at 2–4.

¶ 3 At the conclusion of trial, a jury found Appellant guilty of First Degree Murder,[1] Robbery,[2] Firearms not to be carried without a license,[3] Carrying firearms on public street or public property in Philadelphia,[4] and Possessing Instruments of Crime.[5] On December 5, 2006, the sentencing court ordered Appellant to serve life in prison without the possibility of parole on the Murder conviction, ten (10) years to twenty (20) years in prison on the Robbery conviction, and three (3) years and six (6) months to seven (7) years in prison on the Firearms not to be carried without a license conviction. The latter two offenses were to be served concurrently to the Murder sentence, and Appellant received no further penalty on the remaining two convictions. On December 13, 2006, Appellant filed a timely notice of appeal.

¶ 4 On January 10, 2007, the trial court filed an Order to File a Statement of Matters Complained of on Appeal Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court granted several requests made by Appellant for extensions of time in which to file the statement, the last of which appeared in an Order filed on

1. 18 Pa.C.S.A. § 2502(a).

2. 18 Pa.C.S.A. § 3701(a)(1)(i).

3. 18 Pa.C.S.A. § 6106(a)(1).

4. 18 Pa.C.S.A. § 6108.

5. 18 Pa.C.S.A. § 907(a).

April 12, 2007. In that Order, the trial court provided that Appellant's application for an extension of time in which to file his 1925(b) statement was granted for a period of thirty (30) days. Appellant did not file the same until June 1, 2007, and on June 26, 2007, the trial court filed its Opinion.

¶ 5 In his brief, Appellant raises the following Statement of Questions Involved:

1. Did not the trial court err in denying the Motion to Suppress the statements purportedly uttered by the Appellant [ ] thus, denying Appellant due process of law under both the state and federal constitutions?

2. Was not trial counsel ineffective in failing to object to the District Attorney's cross-examining [sic] Appellant, during the Motion to Suppress, on issues that were significantly outside the scope of direct examination and that were irrelevant to the Motion, specifically, the District Attorney examined Appellant about confessions given by other witnesses and Appellant's prior arrests, thus depriving Appellant his Due Process of law under both the state and federal constitutions?

3. Was not trial counsel ineffective in failing to motion for mistrial after testimony was given by Dante Moore that "in the past two weeks [he] had come to the district attorney's office and told them that [ ] [Appellant}] [sic] was the shooter" as this inculpatory statement was obviously not provided to defense counsel, thus Appellant was denied due process of law under both the state and federal constitutions.

4. Was not the trial court in error to admit into evidence, over defense objection, the statement of Dante Moore being read into evidence by Detective Peterman after that same statement was already in evidence, as such, a second reading of the statement was both cumulative and prejudicial, thus denying Appellant due process of law under both the state and federal constitutions?

5. Was not trial Counsel [sic] ineffective in failing to object to or move for mistrial on the subject of one juror's admission at the conclusion of trial that he had previously sat on a jury trial of one of the lawyers, thus appellant was denied due process of law under both the state and federal constitutions?

6. Was there not insufficient evidence to sustain the charges of Murder, Robbery, VUFA no license, and VUFA on the streets. [sic] Thus, denying petitioner due process of law? [6]

Brief for Appellant at 5–6. Before we reach the merits of the aforementioned arguments, we must first consider whether they are ripe for our review and whether any of them have been waived.

■ ¶ 6 At first blush, it would appear that though Appellant requested and was granted several extensions of time in which to file his Pa. R.A.P.1925(b) statement, he failed to do so within the thirty day period the trial court provided in its April 12, 2007, Order, and therefore, the issues raised within the statement are waived. *See Commonwealth v. Woods*, 909 A.2d 372 (Pa.Super.2006), *appeal denied*, 591 Pa. 714, 919 A.2d 957 (2007); however, while the docket entries indicate the Order was filed on April 14, 2007, there is also a notation therein that the "Order came

6. In phrasing his sixth issue the way he did, Appellant paradoxically states there was sufficient evidence to sustain the charges, though his intent was obviously to aver the evidence was insufficient.

from Motion's Unit (no proof os [sic] service attached)." Moreover, the docket entries do not specify the date on which Appellant filed his concise statement, and the record did not contain the document, until this Court requested the same through its Prothonotary. As such, we are constrained to conclude that we cannot find waiver of Appellant's issues under Rule 1925(b) because the docket entries do not reveal whether notice of the Order was provided to the parties, and we cannot glean from the certified record as a whole whether all elements for proper notice (i.e., manner of service, to whom and when) have been met. *See In re L.M.*, 923 A.2d 505, 508–509 (Pa.Super.2007) (finding the appeal period has not started to run until the docket indicates that Rule 236(b) notice has been given, and the fact that the appealing party did receive notice does not alter the rule); Pa.R.C.P. 236. Nevertheless, for the reasons set forth below, we find Appellant has waived several of the issues raised in his Concise Statement of Matters Complained of on Appeal on other grounds.

■ ¶ 7 Appellant raised the first issue articulated in his brief in the initial paragraph of his Pa.R.A.P.1925(b) statement by asserting the following: "The trial court erred in denying the Motion to Suppress the statements purportedly uttered by the Appellant, Clay Williams. Thus, Appellant was denied due process of law." Appellant failed to specify the date on which the statements in question were uttered, where, or to whom.

¶ 8 In considering a statement of matters complained of on appeal wherein an appellant contended only that the trial court erred in "[1] 'refusing to grant ... a continuance of the trial; [2] denying his request to suppress the search of the residence; [3] denying [his] omnibus pre-trial motion; [4] denying [his] post sentence motion[,]'" a panel of this Court determined that as no further explanation had been provided regarding why any of those acts constituted error, under this Court's decision in *Commonwealth v. Lemon*, 804 A.2d 34 (Pa.Super.2002),[7] it would find Appellant's issues waived; however, the panel addressed the merits as if the appellant had properly preserved those claims because the reasoning behind them was clarified during the post-trial proceedings, the trial court reported no difficulty in interpreting the appellant's 1925(b) statement and, in fact, no relief was due. *Commonwealth v. Dargan*, 897 A.2d 496, 502 n. 5 (Pa.Super.2006) *appeal denied*, 591 Pa. 671, 916 A.2d 1101 (Pa.2007). While in the alternative the trial court herein addressed this issue "as best as it can," it initially noted it believed Appellant had waived the same for his failure to articulate why he deems the court erred in denying his Motion to Suppress, thus making it "impossible" for the trial court to address the claim. Trial Court Opinion, filed 6/26/07, at 4. As such, in light of *Dargan, supra*, we find this issue waived.

■ ¶ 9 Appellant also raises a sufficiency of the evidence challenge in the sixth paragraph of his Pa.R.A.P.1925(b) statement by stating the following: "There was insufficient evidence to sustain the charges of Murder, Robbery, VUFA no license, and VUFA on the streets. Thus [Appellant] was denied due process of law." For the reasons we shall set forth *infra*, we find Appellant has waived this issue as well.

¶ 10 In *Commonwealth v. Flores*, 921 A.2d 517 (Pa.Super.2007), a panel of this Court determined the 1925(b) statement

---

7. In that case, this Court held that a concise statement which is too vague to apprise the trial court of the issues raised is "the functional equivalent of no Concise Statement at all." *Id.* at 37.

reprinted below did not properly preserve a sufficiency of the evidence claim for appellate review and explained its rationale thereafter:

The evidence presented was insufficient to prove beyond a reasonable doubt that the appellant committed the above-captioned offenses. *See Commonwealth v. May*, [584 Pa. 640] 887 A.2d 750 (Pa.2005). Specifically, Mr. Flores avers that the testimony of Sondra Coble, Julienne Briggs, and Atlas Simpson was insufficient to prove beyond a reasonable doubt that the appellant committed the above-captioned offenses.

Appellant's 1925(b) Statement, 10/16/06, at 1.

The new defect is the same as the old defect. We say again what we said in [*Commonwealth v. Flores(Flores I)*, 909 A.2d 387 (Pa.Super.2006)]: The 1925(b) statement language does not specify how the evidence failed to establish which element or elements of the three offenses for which Appellant was convicted. *Flores I*, 909 A.2d at 392. To name certain witnesses who failed to establish the Commonwealth's case says nothing about how the evidence was insufficient. Which elements of which offense were unproven? What part of the case did the Commonwealth not prove?

In any given case, there may be one or more witnesses whose testimony fails to prove the charges. Indeed, perhaps all the witnesses fail to do so. Very well. But how did they fail? What part of the offenses did the Commonwealth not establish? What element is it that this Court is to analyze on appeal?

**If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. The instant 1925(b) statement simply does not specify the allegedly unproven elements. Therefore, the sufficiency issue is waived.**

Before leaving this issue, we note that the Commonwealth failed to object to the aforementioned defect in the 1925(b) statement. We also see that the trial court's opinion addressed the topic of sufficiency. The Commonwealth's failure and the presence of a trial court opinion are of no moment to our analysis because we apply Pa.R.A.P.1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim. *Castillo*, 888 A.2d at 779, 780; *Commonwealth v. Butler*, 571 Pa. 441, 812 A.2d 631, 634 (2002). Thus, we find 1925(b) waiver where appropriate despite the lack of objection by an appellee and despite the presence of a trial court opinion. *Castillo*, 888 A.2d at 779, 780; *Butler*, 812 A.2d at 634.

*Commonwealth v. Flores*, 921 A.2d 517, 522–523 (Pa.Super.2007) (emphasis added).[8]

¶ 11 Similarly, Appellant herein failed to articulate the specific elements of any

---

8. Superseded by statute and Overruled in part by *Commonwealth v. Goodwin*, 928 A.2d 287, 293 (Pa.Super.2007) (*en banc*) (holding that the new subsection of Pa.R.A.P.1925(c)(4) permits an attorney seeking to withdraw from a criminal matter to file a Pa.R.A.P.1925(b) statement indicating that "[t]here are no non-frivolous matters that can be raised on appeal" in lieu of a concise statement of errors complained of on appeal pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), thus allowing this Court to make an independent examination of the record on appeal to determine whether there were non-frivolous issues to consider).

crime which he deems the evidence presented at trial failed to sufficiently establish. Though the Commonwealth did not object to Appellant's defective 1925(b) statement on this issue, the trial court indicated in its Opinion that Appellant's failure to list any reasons he believes that the evidence was insufficient to sustain the charges created a situation in which this issue is too ambiguous to be effectively reviewed by the trial court and should be dismissed. Trial Court Opinion, filed June 26, 2007, at 7. As such, in light of *Flores, supra,* we find Appellant has waived this issue.[9]

◼◼ ¶ 12 In his fourth issue, Appellant claims the trial court erred in admitting into evidence a detective's reading of a statement made by Dante Moore that had already been entered into evidence, because the second reading was both cumulative and prejudicial and the effect of this error was a violation of Appellant's due process rights. In response, the trial court explains Detective Peterman's reading of Mr. Moore's March 22, 2005, statement corroborated the fact that Mr. Moore identified Appellant as the shooter and as Mr. Moore's credibility had been attacked by defense counsel, it did not err in allowing Detective Peterman to read the statement. Trial Court Opinion, filed 6/26/07, at 6–7.

¶ 13 We note that Appellant devotes just two pages of his forty-eight page brief to this issue and cites to no case law in support of it. Appellant's failure to properly develop this claim and to set forth applicable case law to advance it renders this issue also waived. *See Commonwealth v. Hunzer,* 868 A.2d 498, 516 (Pa.Super.2005) (holding that an appellant waived a claim where he failed to cite any legal authority in support of an argument in his appellate brief); *Commonwealth v. Ellis,* 700 A.2d 948, 957 (Pa.Super.1997) (holding waiver results if an appellant fails to properly develop an issue or cite to legal authority to support his contention in his appellate brief).

¶ 14 Appellant's second, third, and fifth issues concern trial counsel's effectiveness. For the reasons that follow, we dismiss Appellant's ineffectiveness claims without prejudice to raise them on collateral review.

9. We are cognizant of our Supreme Court's recent decision in *Commonwealth v. Laboy,* 594 Pa.411, 936 A.2d 1058 (2007) in which the Court vacated this Court's Order and remanded the case for us to decide the merits of certain issues the appellant had raised on appeal. The Supreme Court determined a panel of this Court had erred in deciding the appellant had failed to adequately develop his claim of insufficient evidence to support his conviction in his statement of matters complained of on appeal and noted that the case was a "relatively straightforward drug case" though "in more complex criminal matters the common pleas court may require a more detailed statement to address the basis for a sufficiency challenge." *Id.* at 1060. Specifically, the appellant had stated the issues to be raised on appeal as follows: "I. Evidence of drug trafficking and conspiracy was insufficient. II. Evidence of conspiracy was insuffi-

cient." *Id.* at 1058. Herein, Appellant was convicted of multiple crimes, the most serious of which was Murder in the First Degree. Each crime contains numerous elements that the Commonwealth must prove beyond a reasonable doubt, though Appellant did not explain how the evidence was insufficient to prove any of them. Moreover, it is apparent the trial court required a more detailed statement to address the basis for the sufficiency challenge because it stated as much in its Opinion. In addition, the Commonwealth expressed some uncertainty regarding this issue in its brief by noting that Appellant did not articulate the necessary elements of the various charges of which he had been convicted and concluding this claim "appears to be limited to the contention that the evidence was insufficient to establish his identity as the perpetrator of the crimes." Brief for Appellee at 23.

¶ 15 In *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), the Pennsylvania Supreme Court held that claims of ineffective assistance of trial counsel may not be raised on direct appeal but, rather, must be litigated on collateral review under the Post Conviction Relief Act (PCRA). *Grant*, 572 Pa. at 67, 813 A.2d at 738. Nevertheless, the Court did acknowledge that under limited circumstances the Court could create exceptions and review certain claims of ineffectiveness on direct appeal. Thereafter, in *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (Pa.2003), *cert denied*, 540 U.S. 1115, 124 S.Ct. 1053, 157 L.Ed.2d 906 (2004), the Pennsylvania Supreme Court determined an ineffectiveness claim may be reviewed on direct appeal where it was raised and litigated at the trial court and addressed in the trial court's opinion. The Court later clarified this exception, stating that for ineffectiveness issues to be addressed on direct appeal, there must be a record developed that is "devoted solely to the ineffectiveness claims." *Commonwealth v. Davis*, 894 A.2d 151, 153 (Pa.Super.2006) *citing Commonwealth v. Davido*, 582 Pa. 52, 868 A.2d 431, 441 n. 16 (2005).

■ ¶ 16 Relying upon *Grant*, the trial court herein suggested "the claims regarding trial counsel's ineffectiveness should be dismissed by the Superior Court without prejudice to raise them in a post-conviction collateral relief petition, as there had been no hearing on these claims." *See* Trial Court Opinion, filed 6/26/07, at 9. To the contrary, Appellant posits that as trial counsel's ineffectiveness is clear from the record, the concerns discussed in *Grant* regarding this Court's inability to resolve the ineffectiveness issues on an improperly developed record are not at play. We disagree and note that "Appellant did not raise his claim of ineffectiveness of trial counsel in a post-sentence motion, no evidentiary hearing was held on the claim, and no record has been developed addressing this claim;" therefore, we decline to address Appellant's issues of ineffectiveness of trial counsel on the merits and dismiss them without prejudice to raise them on collateral review. *Commonwealth v. Leverette*, 911 A.2d 998, 1004 (Pa.Super.2006) (citation omitted).

¶ 17 Appellant's fifth issue is also the subject a petition filed with this Court entitled Petition for Remand to Trial Court to Develop Record, wherein Appellant asserts a juror's disclosure at the conclusion of trial and prior to deliberations that he knew one of the lawyers "is per se evidence that the juror in question was unfit to deliberate" and the matter must be remanded to the trial level to develop a possible juror misconduct issue. *See* Petition for Remand to Trial Court to Develop Record. ¶ 11–12; however, Appellant also admits in his Petition that when the trial court asked counsel whether either had an objection to the jury, both replied "no objection," at which time the trial court stated "there's no objection. He can remain." *See* Petition for Remand to Trial Court to Develop Record. ¶ 9.[10] In response, the Commonwealth avers, *inter alia*, that as Appellant filed the within petition just ten days before his appellate brief was due, and he explicitly waived this issue at trial, by his own admission, he should not be permitted "to return to the trial court for the purpose of un-waiving issues [he] expressly waived in the guise of 'developing the record.'" *See* Commonwealth's Response to [Appellant's] Petition for Remand at 2. While we decline to rule upon the merits of this issue at this juncture, upon our review of the record, we find it has been adequately developed re-

---

**10.** As Appellant improperly numbered the paragraphs, the citations to paragraph numbers reflect this Court's correction of the same.

garding the juror's disclosure and deny Appellant's petition.

¶ 18 Petition for Remand Denied; Judgment of Sentence Affirmed; Ineffectiveness Claim Dismissed Without Prejudice.

¶ 19 BENDER, J. CONCURS IN THE RESULT.