J-S76039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW MOSLEY, | |
| Appellant | No. 1268 WDA 2014 |

Appeal from the Judgment of Sentence of July 29, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000221-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 12, 2014**

Appellant, Andrew Mosley, appeals from the judgment of sentence entered on July 29, 2014, following his jury trial convictions of two counts each of possession of a controlled substance with intent to deliver (PWID) and possession of a controlled substance by a person not registered, and one count of possession of drug paraphernalia.[1]  Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  On November 7, 2013, the police received a tip from a confidential informant that Appellant was transporting narcotics through Masontown, Pennsylvania.  Police instituted a traffic stop of an automobile driven by the confidential informant.  Appellant was a passenger in that vehicle.  Upon

_____

[1]   35 P.S. §§ 780-113(a)(30), 780-113(a)(16), and 780-113(a)(32), respectively.

approaching the vehicle, the police smelled burnt marijuana. As a result, the police obtained the confidential informant's permission to search the vehicle with the assistance of a canine unit. When Appellant exited the vehicle, he dropped a small, florescent green bag into the grass. The arresting officer suspected that the bag contained the narcotics. Upon a search of the vehicle by the canine unit, police recovered empty plastic bags (similar to the one Appellant dropped on the ground) under the passenger side seat and a Coca-Cola can which contained 28 bags of suspected narcotics on the floor behind the passenger seat.[2] When confronted with the fact that the bag of drugs recovered from the grass matched several of the bags of drugs found in the Coca-Cola can, Appellant asked police, "Is there anything I can do to get out of this?" In a search incident to arrest, police recovered a glass pipe with marijuana residue in it from Appellant's person.

Following a two-day trial in July 2014, a jury convicted Appellant of the aforementioned charges. On July 29, 2014, the trial court sentenced

---

[2] There were four different colored bags found in the Coca-Cola can. Four of the bags, however, were florescent green, just like the bag police found on the ground when Appellant exited the vehicle. All but one of the bags later tested positive for heroin or cocaine. The last bag contained a substance commonly used as a cutting agent to dilute narcotics and increase sale profits.

Appellant to three to nine years of imprisonment. This timely appeal followed.[3]

Appellant presents the following issue for our review:

> Was the evidence insufficient to find [] Appellant guilty beyond a reasonable doubt of the criminal charges[?]

Appellant's Brief at 8.

Initially, we note that the trial court found that Appellant waived his sole issue for failing to specify which crime he was challenging and the element or elements of that specific crime that the Commonwealth failed to prove sufficiently. *See* Trial Court Opinion, 9/15/2014, at 5-6. We agree. This Court has recently reaffirmed the following legal principle:

> If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal.

*Commonwealth v. Melvin*, 2014 PA Super 181, at * 31 (Aug. 21, 2014), *citing* *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008). Herein, Appellant's Rule 1925(b) statement globally challenged all of his convictions and failed to specify any of the elements of the individual crimes allegedly not proven sufficiently by the Commonwealth. Moreover,

---

[3] On August 5, 2014, Appellant filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 15, 2014.

even though the trial court addressed the sufficiency of the evidence to support all of Appellant's convictions in its Rule 1925(a) opinion, "the presence of a trial court opinion [is] of no moment to our analysis because we apply Pa.R.A.P.1925(b) in a predictable, uniform fashion, not in a selective manner dependent on [...] a trial court's choice to address an unpreserved claim." **Williams**, 959 A.2d at 1257. Thus, we are constrained to find the issue waived.

Furthermore, even if Appellant's sole appellate claim were not waived, aid claim is without merit. We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Melvin**, at * 31.

- 4 -

Here, the trial court determined that the possessory offenses were proven with sufficient evidence because: (1) police witnessed Appellant drop a bag of narcotics; (2) Appellant was in close proximity to the found narcotics (which were packaged similarly to the discarded drugs) and Appellant had a marijuana pipe on his person; (3) Appellant made an incriminating statement to police after the discovery of the contraband, and; (4) the confidential informant was the only other person in the vehicle. Trial Court Opinion, 9/15/2014, at 6. The trial court further found that the PWID convictions were supported by sufficient evidence because: (1) the narcotics were packaged for individual sale; (2) Appellant had paraphernalia for personal marijuana use, but no paraphernalia for the use of cocaine or heroin which were the only drugs recovered from the scene; (3) Appellant's demeanor and statements to police at the time of the search were inculpatory, and; (4) the Commonwealth presented expert testimony that the narcotics were intended for sale. *Id.* at 6-7. Based upon the foregoing standard of review, we agree with the trial court's analysis.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2014

- 5 -