J. S06043/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WESLEY AARON DAVIS, JR., | : | No. 2398 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered July 3, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0004440-2017

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED JUNE 26, 2019**

Wesley Aaron Davis, Jr., appeals from the July 3, 2018 judgment of sentence entered by the Court of Common Pleas of Delaware County following his conviction of persons not to possess a firearm.[1]  After careful review, we affirm.

The trial court provided the following synopsis of the relevant procedural history of this case:

> On July 12, 2017, appellant was arrested by members of the Sharon Hill Police Department and charged with[, ***inter alia***, persons not to possess a firearm.]
>
> . . . .
>
> On April 24, 2018, appellant's jury trial began with jury selection and the panel was sworn in on April 25, 2018[,] with the trial concluding that day. . . .

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

> Appellant was convicted of the sole count, Count 1, persons not to possess a firearm. Appellant's bail was revoked and the [trial court] scheduled a sentencing hearing for July 3, 2018. In preparation for sentencing, the [trial court] required that a pre-sentence investigation report (PSI) be prepared, which included a psychological evaluation of appellant.
>
> On July 3, 2018, appellant was sentenced by the [trial court to a term of 54-108 months' imprisonment.]
>
> . . . .
>
> On July 11, 2018[,] appellant's counsel filed a post-sentence motion alleging that a new trial was warranted as there was insufficient evidence presented at the time of trial to establish beyond a reasonable doubt the elements of the offense of person not to possess a firearm and that the verdict was against the weight of the evidence. The [trial court], without a hearing, denied the post-sentence motion on July 16, 2018.
>
> Appellant's counsel filed a[ notice of] appeal on August 14, 2018. On August 15, 2018, [the trial court] sent to appellant's counsel a request for a concise statement of [errors] complained of on appeal [pursuant to Pa.R.A.P. 1925(b)]. On August 31, 2018, [appellant complied.]

Trial court opinion, 9/12/18 at 1-5 (extraneous capitalization and footnotes omitted). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

   I.   Was there sufficient evidence presented at the time of [t]rial to establish beyond a reasonable doubt the elements of the offense of Person Not to Possess a Firearm?

> II. Was the verdict of the [j]ury as to Person Not to Possess a Firearm against the weight of the evidence?

Appellant's brief at 4.

Appellant first contends that the Commonwealth failed to produce sufficient evidence to warrant a conviction of persons not to possess a firearm. The Commonwealth avers that appellant has waived the issue on appeal because his Rule 1925(b) statement was "vague and conclusory" and "did not sufficiently identify the alleged errors the trial court committed." (Commonwealth's brief at 9.)

The Pennsylvania Rules of Appellate Procedure require an appellant to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge," within the concise statement of errors complained of on appeal. Pa.R.A.P. 1925(b)(4)(ii). Pennsylvania courts have consistently held that for sufficiency of the evidence challenges, an appellant's Rule 1925(b) statement "needs to specify the element or elements upon which the evidence was insufficient." **Commonwealth v. Tyack**, 128 A.3d 254, 260 (Pa.Super. 2015), quoting **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa.Super. 2008) (citation omitted). Failure to do so results in waiver of the issue on appeal. **Id.**

Here, similar to the defendant in **Tyack**, appellant provides a boilerplate Rule 1925(b) statement, averring as follows: "Was there sufficient evidence

presented at the time of [t]rial to establish beyond a reasonable doubt the elements of the offense of Person Not to Possess a Firearm?" (Appellant's Rule 1925(b) statement; *see also Tyack*, 128 A.3d at 260.) Appellant failed to specify any element upon which the Commonwealth's evidence was insufficient. Accordingly, appellant's first issue has been waived on appeal.

In the alternative, should we render a decision on the merits of appellant's first issue, we would nevertheless find that appellant is not due relief. As noted by the trial court, the Commonwealth met its burdens of proving the elements of persons not to possess a firearm. Indeed, the Commonwealth introduced eyewitness testimony of appellant pulling a firearm out of his pocket and discarding it. (Notes of testimony, 4/25/18 at 57.) The Commonwealth also introduced evidence of appellant's prior robbery conviction, which precluded him from legally possessing a firearm. Accordingly, the Commonwealth has presented sufficient evidence to warrant a conviction of persons not to possess a firearm.

In his second issue, appellant argues that the jury's guilty verdict was against the weight of the evidence. Appellant's entire weight of the evidence argument is as follows:

> The Commonwealth has the burden to prove that the [a]ppellant had the intent to control and power to control a firearm. The video (Exhibit C-1) is the best evidence of what occurred subsequent to the stop of the vehicle in which the [a]ppellant was the occupant. As indicated, the [j]ury did observe the video of the body cam footage from Officer Hand's body camera. It is respectfully suggested after viewing [the] same

> that the verdict of the Jury was against the weight of
> the evidence.

Appellant's brief at 15.

When reviewing weight of the evidence issues on appeal, we are governed by the following standard:

> > An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.
>
> > *Commonwealth v. Mucci*, 143 A.3d 399, 410-411 (Pa.Super. 2016), (quoting *Commonwealth v. Clay*, [] 64 A.3d 1049, 1054-1055 ([Pa.] 2013)). To successfully challenge the weight of the evidence, a defendant must prove the evidence is "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Mucci*, 143 A.3d at 411 (quoting *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa.Super. 2003)).

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa.Super. 2017), *appeal denied*, 171 A.3d 1286 (Pa. 2017).

Here, appellant has not met his burden of proving that the evidence is "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." Rather, appellant attempts to re-litigate whether the video footage from Officer Hand's body camera establishes that appellant possessed the intent to control or the ability to control a firearm. Appellant fails to provide any argument as to how the evidence was tenuous, vague, or uncertain. *See*

***Mucci***, 143 A.3d at 411. Accordingly, we find that the trial court did not abuse its discretion when it denied appellant's post-sentence motion challenging the weight of the evidence.

Judgment of sentence affirmed.

Dubow, J. joins in this Memorandum.

Bowes, J. files a Concurring Memorandum in which Dubow, J. joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/19