J-S04008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                 :             PENNSYLVANIA
                                                 :
            v.                             :
                                               :
                                             :
JOHN LEWIS BELLOWS            :
                                             :
            Appellant               :    No. 722 MDA 2020

Appeal from the Judgment of Sentence Entered March 5, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000035-2019

BEFORE: OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 04, 2021**

Appellant, John Lewis Bellows, appeals from the March 5, 2020 judgment of sentence imposing 76 days to 23 months and 29 days' incarceration after a jury convicted Appellant of resisting arrest or other law enforcement.[1] We affirm.

The trial court summarized the factual history as follows:

On November [7, 2018,] Pennsylvania State Constable Thomas DeLange [("Constable DeLange")] arrived at [Appellant's residence in] Canton, [Pennsylvania,] with the intention of executing a warrant. The warrant was an arrest warrant for [Appellant issued as a result of his] failure to pay [as agreed in a traffic citation matter]. Constable DeLange approached Appellant's residence but received no answer when he knocked on the door. Constable DeLange then drove to the residence of [] Appellant's mother. Constable DeLange then drove himself and [Appellant's mother] back to Appellant's residence, but neither [Constable DeLange nor Appellant's mother were] able to get

---

[1] 18 Pa.C.S.A. § 5104.

inside Appellant's [residence]. Constable DeLange then drove himself and [Appellant's mother] back to her residence. At that time, Appellant arrived at [his mother's] residence.

Constable DeLange informed Appellant that he had a warrant for Appellant's arrest for failure to pay. Appellant offered to write a check and stated[,] "I ain't (*sic*) going anywhere." Constable DeLange offered to drive Appellant to an [automated teller machine] in order to [allow Appellant to] make a cash [withdrawal and] payment, but Appellant declined that offer. Constable DeLange called Magisterial District Judge Jonathan Wilcox, who said that [the magisterial district court] would not accept a check as payment. At that time, Constable DeLange called the Pennsylvania State Police for [assistance in arresting Appellant].

Trooper Millard, Trooper Borkowski, and Trooper Geiger, all employed by the Pennsylvania State Police, arrived at [Appellant's mother's] residence. The troopers informed Appellant that he needed to pay the fine or [] he would have to "come with them." Appellant began walking toward [his mother's residence]. The troopers gave Appellant several verbal commands, instructing him not to move away. Trooper Borkowski then reached out to grab Appellant by the arm, but Appellant pulled his arm away. At that time, Trooper Millard took hold of Appellant's right arm, Trooper Borkowski took hold of Appellant's left arm, and Trooper Geiger took hold of one of Appellant's legs. Together, the troopers [were able to subdue] Appellant to the ground.

While on the ground, the troopers attempted to put Appellant's arms behind his back in order to handcuff him, but Appellant was holding his arms underneath his chest. Appellant repeatedly told the troopers[,] "Get off me." The troopers gave repeated verbal commands to Appellant to stop resisting. While the troopers were attempting to put Appellant's arms behind his back, Constable DeLange used a taser on Appellant's right calf. Constable DeLange removed the taser when he saw Appellant's right arm move behind his back. When this happened, Appellant complained of pain in his shoulder. Trooper Millard, who was holding Appellant's right arm, said to him[,] "Well, stop resisting. I don't, we don't want to hurt you." Due to Appellant's size[, which was six foot, four inches tall and 340 pounds,] the troopers were not able to use regular handcuffs. The troopers made a "chain" out of ankle cuffs, which are larger than handcuffs, and a pair of handcuffs from Constable DeLange. Appellant was then placed in Constable DeLange's car. From the time the troopers had contact

- 2 -

with Appellant until the time they had him in custody, about five minutes had passed.

Trial Court Opinion, 7/14/20, at 1-3 (extraneous capitalization and original brackets omitted).

Appellant was charged with resisting arrest or law enforcement as a result of his interaction with the troopers and Constable DeLange. On January 21, 2020, a jury convicted Appellant of the aforementioned crime. On March 5, 2020, the trial court sentenced Appellant to 76 days to 23 months and 29 days' incarceration and ordered Appellant to pay a fine in the amount of $1,000 and the costs of prosecution. Trial Court Order, 5/12/20. Appellant filed a post-sentence motion, which the trial court subsequently denied. This appeal followed.[2]

Appellant raises the following issue for our review:

Was the evidence adduced at trial sufficient to establish guilt beyond a reasonable doubt with regard to the charge of resisting arrest?

Appellant's Brief at 9.[3]

Our standard and scope of review of a challenge to the sufficiency of the evidence is well-settled.

_____

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

[3] For ease of disposition, we have assigned page numbers to Appellant's unpaginated brief. The Commonwealth did not file a brief in response to Appellant's appeal.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier[-]of[-]fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Pappas*, 845 A.2d 829, 835-836 (Pa. Super. 2004) (citation omitted), *appeal denied*, 862 A.2d 1254 (Pa. 2004); *see also Commonwealth v. Brown*, 52 A.3d 1139, 1163 (Pa. 2012) (stating that, in reviewing a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, **any** rational trier[-]of[-]fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis in original)).

[T]he [trier-of-fact's] individualized assessment of the credibility of the trial evidence is, as a general principle, not to be questioned by an appellate court as part of its review, even if the evidence is conflicting. [C]ourts presume the [trier-of-fact] resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict. [M]ere inconsistency and conflicts in witnesses testimony, by itself, will not furnish a basis for an appellate court to reverse a conviction [] on the grounds of evidentiary insufficiency.

***Brown***, 52 A.3d at 1165 (citations omitted). Rather, the trier-of-fact's resolution will only be disturbed "in those exceptional instances [] where the evidence is so patently unreliable that the [trier-of-fact] was forced to engage in surmise and conjecture in arriving at a verdict based upon that evidence." ***Id.***, *citing **Commonwealth v. Karkaria***, 625 A.2d 1167, 1170 (Pa. 1993). To preserve a sufficiency claim, the appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. ***Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa. Super. 2008).

Section 5104 of the Pennsylvania Crimes Code defines resisting arrest or law enforcement as,

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104. Stated another way, "Section 5104 criminalizes two types of conduct intended to prevent a lawful arrest: the creation of a substantial risk of bodily injury to the officer or anyone else or means justifying or requiring a substantial force to overcome." ***Commonwealth v. Soto***, 202 A.3d 80, 95 (Pa. Super. 2018) (citations omitted), *appeal denied*, 207 A.3d 291 (Pa. 2019). "Bodily injury" is defined as the "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

Here, Appellant's Rule 1925(b) statement stated, *inter alia*, that

[t]he evidence was insufficient as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt on the charges because there was insufficient evidence that [Appellant] **had indecent conduct with the victim**.

Appellant's Rule 1925(b) Statement, 6/30/20 (emphasis added). "Indecent conduct with the victim" is not an element pertinent to the crime of resisting arrest or other law enforcement. **See** 18 Pa.C.S.A. § 5104. Appellant failed to state in his Rule 1925(b) statement the element or elements of resisting arrest or other law enforcement that he was challenging on the grounds of insufficient evidence.[4] Consequently, Appellant waived this issue. **See Williams**, 959 A.2d at 1257 (stating that, a sufficiency issue is waived when

_____

[4] In his brief, Appellant states, "[t]here was no intent on the part of [] Appellant to create a substantial risk of bodily injury or [to employ] means requiring [or] justifying substantial force to overcome the resistance." Appellant's Brief at 18. To the extent that Appellant contends he lacked the necessary intent to prevent the troopers from effectuating his lawful arrest, we disagree. The record demonstrates that Appellant turned his back on the troopers and attempted to walk towards his mother's residence prior to the troopers' issuance of several verbal commands to stop. N.T., 1/21/20, at 31-32, 36. The record also establishes that Appellant, a large man, positioned his arms beneath his chest while on the ground in order to prevent the troopers from placing him in handcuffs and subduing him. **Id.** at 36-37. These acts by Appellant - turning and walking away from the troopers, failing to heed their commands, and positioning his arms beneath his chest to avoid being placed in handcuffs - demonstrate an intent to prevent or avoid a lawful arrest. Moreover, the efforts of three troopers, as well as use of a taser, were required to subdue Appellant. The efforts by the troopers and the use of the taser amounted to a substantial use of force that was required to overcome Appellant's resistance to his arrest. Viewed in the light most favorable to the Commonwealth, as verdict winner, these facts were sufficient to permit a jury, as trier-of-fact, to infer that Appellant intended the natural and probable consequences of his actions.

the Rule 1925(b) statement does not specify the allegedly unproven element or elements pertinent to the crime).

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/04/2021