J-A16014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
:             PENNSYLVANIA
:
v.                  :
:
:
ROBERT DALE ACKLEY         :
:
Appellant          :    No. 1277 MDA 2020

Appeal from the Order Entered September 2, 2020,
in the Court of Common Pleas of Bradford County,
Criminal Division at No(s): CP-08-SA-0000004-2020.

BEFORE:    KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:      **FILED: AUGUST 23, 2021**

Robert Dale Ackley appeals from the judgment of sentence imposed following his convictions for the summary offenses of careless driving – unintentional death, exceeding maximum speed limit, and failure to yield right-of-way pedestrians in crosswalk.[1] The court fined Ackley a total of $585.00. We affirm.

On the evening of November 12, 2019, Ackley, while driving his pick-up truck in downtown Sayre, struck Kenneth Bracken as he was walking in a crosswalk, causing fatal injuries which resulted in Bracken's death. The matter proceeded to a summary trial, where eyewitness testimony and two

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 75 Pa.C.S.A. §§ 3714(b), 3362(a)(3), 3542(a).

videos of the incident were presented. At the conclusion of trial, the court found Ackley guilty of the above-identified offenses. Ackley filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Ackley raises the following issue for our review: "Whether the evidence presented at trial was sufficient to prove guilt beyond a reasonable doubt as to the charges." Ackley's Brief at 4 (unnecessary capitalization omitted).

Initially, we must determine whether Ackley preserved his issue for our review. Importantly, if an appellant wishes to preserve a claim that the evidence was insufficient to support the verdict, his Pa.R.A.P. 1925(b) concise statement must specify the element or elements upon which he claims that the evidence was insufficient. *See Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008). Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains more than one element that the Commonwealth must prove beyond a reasonable doubt. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009). When a concise statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal. *Williams*, 959 A.2d at 1257.

Here, Ackley was convicted of three crimes: careless driving – unintentional death, maximum speed limit, and right-of-way pedestrians in crosswalk. Each of these crimes contains more than one element. In his concise statement, Ackley styled his sufficiency challenge as follows: "The

evidence presented by the Commonwealth was insufficient to serve as a basis for the [c]ourt's decision." Concise Statement, 11/3/20, at 1.

Ackley failed to indicate in his concise statement whether he was challenging the sufficiency of the evidence supporting all three of his convictions or only one or two of his convictions. Moreover, Ackley failed to identify the elements of any of his convictions upon which he alleged the evidence was insufficient. Accordingly, due to these defects in Ackley's concise statement, his sufficiency challenge is waived.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>08/23/2021</u>