**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN MASTERSON | : | |
| | : | |
| Appellant | : | No. 2065 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 21, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002670-2020

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED AUGUST 26, 2025**

Appellant John Masterson appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after Appellant was convicted of rape of a child, involuntary deviate sexual intercourse (IDSI), sexual assault, and related offenses.  Appellant challenges the sufficiency and weight of the evidence supporting his convictions.  We affirm.

The trial court set forth the factual background of this case as follows:

> Appellant and Complainant N.W. are former stepsiblings. N.W.'s father, Aaron Walker (now deceased) was married to [Appellant's] mother when N.W. was around six (6) or seven (7) years old and [Appellant] was a teenager.  At that time, [Appellant] lived in a house on Palmetto Street, in the City of Philadelphia with his mother, Serena Masterson, his stepfather, his sister Tammy and her boyfriend, Jonathan, and son, as well as his brothers Eddie and Matt.  N.W.'s brother, Aaron, and [Appellant's] grandmother, Mary, also resided in the house. During that time, the basement of the house served as

---

[*] Former Justice specially assigned to the Superior Court.

[Appellant's] room. N.W. resided primarily with her mother but visited her father's residence every weekend and during some school breaks. Both N.W. and [Appellant] witnessed excessive drug use by their parents and physical abuse carried out by [Appellant's] father against Serena Masterson.

The first instance of inappropriate behavior by [Appellant] against N.W. occurred in [Appellant's] grandmother's bedroom. [Appellant] entered the bedroom where N.W. was laying down, watching TV and sat on the bed next to her. He then began touching her vagina with his hand. [Appellant] put his fingers under N.W.'s underwear and inside of her vagina. When he stopped touching her, he told N.W. he was doing this "because [her] dad was hurting his mom." [Appellant] then got N.W. a cup of juice and told her not to say anything.

The second instance of abuse occurred sometime thereafter.[FN1] [Appellant] entered the room N.W. stayed in during her visits and laid down on the bed next to her. He then told her to open her mouth and inserted his penis into her mouth for several seconds. [Appellant] had a condom on his penis at the time he put it into N.W.'s mouth. N.W. spoke to Serena Masterson about this incident and soon after stopped going to her father's residence for some period of time.

> [FN1:] The timing is not clear in the record as to when this incident occurred. N.W. recalled this after describing the third instance. As the abuse occurred years before, she did not know any specific dates, times, or exact location.

Sometime thereafter, [Appellant] saw N.W. downstairs in the house. [Appellant] took N.W. into the basement, opened the door, and began to "hump N.W. from behind" on the basement steps. [Appellant] held N.W. at her armpit and around her waist. Both [Appellant] and N.W. were fully clothed as this occurred. He then gave her money to buy herself some ice cream from a candy shop nearby.

The final instance of abuse took place in a closet in the kitchen of the residence. [Appellant] told N.W. to come into the closet with him and began "humping her from behind." He held her body at her waist and did not speak while he "humped her." Again, [Appellant] did not speak during this instance or any of the previous, but was breathy. Again, N.W. spoke to [Appellant's] mother, Serena, in her bedroom about these assaults at some point. Serena told N.W. she would not tell her father. Sometime

later, following the passing of her father, N.W. told his second wife, Ms. Jenkins. Again, nothing was done. When N.W. was around 15 or 16 years old, she was sent to Horsham Clinic due to a mental health episode and she told her therapist about her experiences with [Appellant]. That therapist contacted the Philadelphia Police Department's Special Victims Unit.

Trial Court Opinion, 11/1/24, at 1-3 (citations omitted).

Shortly after N.W. gave a report to the Philadelphia Police Department, Appellant was placed under arrest on June 2, 2020. Appellant waived his right to a jury trial and proceeded to a bench trial before the Honorable Mia Roberts Perez. On September 29, 2022, the trial court convicted Appellant of rape of a child (18 Pa.C.S.A § 3121(c)), IDSI with a child (18 Pa.C.S.A § 3123(b)); Aggravated Indecent Assault (18 Pa.C.S.A § 3125(a)(7)); Aggravated Indecent Assault of a Child less than 13 years of age (18 Pa.C.S.A § 3125(b)); Statutory Sexual Assault (18 Pa.C.S.A § 3122.1); Sexual Assault (18 Pa.C.S.A § 3124.1); Corruption of Minors (18 Pa.C.S.A § 6301(a)(1)(ii)) ; Indecent Assault of a Person Less than 13 years of Age (18 Pa.C.S.A § 3126(a)(7)); Unlawful Contact with Minor – Sexual Offenses (18 Pa.C.S.A § 6318(a)(1)).[1] The trial court acquitted Appellant of Endangering the Welfare of a Child (18 Pa.C.S.A § 4304(a)(1)).

On March 21, 2024, Appellant was sentenced by the Honorable Lucretia Clemons to a term of 3½ to 9 years' imprisonment for the rape of a child conviction and no further penalties for the remaining convictions. On March

---

[1] Although Appellant was initially charged with over twenty crimes, the prosecutor indicated at the start of trial that it would only proceed on these ten charges. *See* Notes of Testimony (N.T.), Trial, 9/26/25, at 5.

28, 2024, Appellant filed a post-sentence motion, challenging the sufficiency and weight of the evidence supporting his convictions. This post-sentence motion was denied by operation of law.

Appellant filed a timely appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b):

1. The evidence was insufficient as a matter of law to establish [Appellant's] guilty beyond a reasonable doubt on all charges.

2. The verdict was against the weight of the evidence. The evidence presented at trial failed to meet the elements of any of the crimes charged, and therefore, [Appellant] should have been found not guilty of all charges.

Rule 1925(b) statement, 8/23/24, at 1.

First, Appellant challenges the sufficiency of the evidence supporting his eight convictions. As an initial matter, we first must address the Commonwealth's contention that Appellant failed to preserve any sufficiency claims for appellate review in his vague Rule 1925(b) statement.

In order to properly preserve a sufficiency claim for review on appeal in a court-ordered Rule 1925(b) statement, the appellant must specify the elements upon which the evidence was insufficient or the basis for the sufficiency claim. *Commonwealth v. McFarland,* 278 A.3d 369, 381 (Pa.Super. 2022). If the appellant does not specify such elements, the sufficiency claim is deemed waived. *Id.* "Such specificity is of particular importance in cases where ... appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove

- 4 -

beyond a reasonable doubt." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa.Super. 2009) (citation omitted).

This Court has found waiver appropriate even when the trial court files an opinion attempting to address the appellant's unpreserved sufficiency claims. "[T]he presence of a trial court opinion [is] of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim." ***Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa.Super. 2008) (citations omitted).

In this case, Appellant raised a boilerplate assertion in his Rule 1925(b) statement that the evidence was insufficient to support his eight convictions. Appellant failed to provide any specificity within the 1925(b) statement and did not identify any elements of the convictions that he wished to challenge or any other basis for relief. As noted above, the Commonwealth has objected to Appellant's failure to file to list any of the reasons he believes the evidence was sufficient to support his convictions. Thus, we conclude that Appellant has waived his sufficiency challenge.

Even assuming *arguendo* that Appellant had properly preserved his challenge to the sufficiency of the evidence in his Rule 1925(b) statement, he would not be entitled to relief. Appellant's sufficiency claim is based on his assertion that the victim's testimony "was unreliable and contradictory to the point that unreconcilable differences established a reasonable doubt that [Appellant] committed the crimes charged." Appellant's Brief, at 11 (citing

- 5 -

*Commonwealth v. Farquharson*, 467 Pa. 50, 59-60, 354 A.2d 545, 550 (1976)).

Appellant's attack of the victim's credibility is a challenge to the weight of the evidence, not the sufficiency of the evidence. *See Commonwealth v. Sanchez*, 614 Pa. 1, 36 A.3d 24 (2011) (citing *Commonwealth v. DeJesus*, 580 Pa. 303, 860 A.2d 102, 105–107 (2004) ("challenge to verdict pursuant to *Farquharson* is to weight, not sufficiency, of evidence"). As such, Appellant has not properly preserved a challenge to the sufficiency of the evidence.

Appellant does claim on appeal that his convictions are against the weight of the evidence. Our standard of review for challenges to the weight of the evidence is well-established:

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa.Super. 2017) (citations omitted).

Challenges to the weight of the evidence must be preserved either before sentencing or in a post-sentence motion. Pa.R.Crim.P. 607(A)(1)-(3) (claims challenging weight of evidence "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion"). *See also Commonwealth v. Thompson*, 93 A.3d 478, 491 (Pa.Super. 2014) (failure to preserve challenge to the weight of the evidence pursuant to Rule 607 results in waiver).

Appellant filed a timely post-sentence motion, claiming that he was entitled to a new trial based on the weight of the evidence as the victim could not provide specific information as to when the crimes occurred, making her testimony not credible or defendable. Post-sentence motion, 3/28/24, at 2.

Our review of the record supports the trial court's decision to deny Appellant's challenge to the weight of the evidence. The trial court found that twenty-year old N.W. testified credibly at trial about the instances of Appellant's sexual abuse that had occurred approximately fourteen years ago when she was about six years old. Although N.W. could not recall the exact dates of Appellant's abuse due to the passage of time, she remembered that it occurred when she was in first grade at school. She recalled that the last incident of sexual abuse occurred near Easter. Notes of Testimony (N.T.), Trial, 9/26/22, at 61, 71-72; N.T., 9/29/25, at 51.

Appellant asserts that he provided an alibi for this time period as he was in and out of juvenile detention in Philadelphia and Bucks County at the time the assaults occurred. He also contends that his mother, Serena Masterson, provided testimony that supported his alibi as she claimed that Appellant was not present at her home during the time of the assaults as she did not permit him to stay there.

The Commonwealth discredited Appellant's claim that he was in custody during the time of the assaults. The lead investigator, Officer Toni Madgey, created a tracking report in which she discovered that Appellant was in custody in a juvenile facility from October 5, 2008 to January 21, 2009 and returned to custody in May 26, 2009. N.T., 9/29/25, at 74-75, 80-87. Thus, Appellant was not in custody from January 21, 2009 and May 26, 2009, a time period that included an Easter holiday during which N.W. was six years old and in first grade.

The prosecution questioned Serena Masterson's bias in testifying in defense of her son, Appellant. The Commonwealth also impeached Serena Masterson with respect to her claim that Appellant was not present at her home at the time of the assaults. Ms. Masterson admitted that she was not entirely sure whether Appellant visited her home at the time in question as she was not home for a significant period of time and allowed nine other people to live in her home as well. N.T., 9/29/25, at 118-21. She conceded that she did not always know who was in and out of her home. *Id.*

While Appellant asks this Court to reweigh the evidence and accept his version of the events in question, we may not substitute our judgment for that of the trial court. It is well-established that "[t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Spence*, 290 A.3d 301, 311 (Pa.Super. 2023) (quoting *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa.Super. 2015)). As a result, we conclude that the trial court did not abuse its discretion in denying Appellant's challenge to the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/26/2025