J. A17036/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
KIZZY ANDERSON, : No. 1774 EDA 2019
:
Appellant :

Appeal from the Judgment of Sentence Entered May 23, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. MC-51-CR-0031705-2018

BEFORE:  BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 17, 2020**

Kizzy Anderson appeals from the May 23, 2019 judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following her conviction of indirect criminal contempt[1] for violation of an order entered pursuant to the Protection from Abuse ("PFA") Act.[2]  The trial court sentenced appellant to six months' probation.  After careful review, we affirm.

The facts, as gleaned from the trial court's Rule 1925(a) opinion, are as follows.  The victim filed a PFA petition against appellant that was granted on June 28, 2018.  Pursuant to the order, appellant was evicted from the victim's property and ordered not to "contact [the victim], or any other person

---

[1] 23 Pa.C.S.A. § 6114.

[2] 23 Pa.C.S.A. § 6101 ***et seq.***

protected under this [o]rder, by telephone or by any other means, including through third persons." (Final PFA order, 6/28/18 at 1.) Appellant was further ordered not to "abuse, harass, stalk or threaten [the victim] in any place where [he] might be found." (*Id.*) Pursuant to an April 11, 2018 custody order, the victim had sole legal and primary custody of the parties' two minor children. Appellant had custody of the children every other weekend and custody exchanges occurred on Fridays at a Philadelphia police station.

On December 14, 2018, the parties went to the police station for the custody exchange. As the victim and his daughter were crossing the street to enter the station, appellant attacked the victim, punching him with closed fists and yelling at him. As he drove by the altercation, Police Officer Brian Smith observed appellant hitting the victim. The officer exited his vehicle and broke up the fight. The victim was not injured.

Appellant was charged with simple assault[3] and the summary offense of indirect criminal attempt. On May 23, 2019, after a bench trial, appellant was found guilty of indirect criminal contempt and not guilty of simple assault.[4] That same day, appellant was sentenced to six months' probation. Appellant timely appealed. The trial court ordered appellant to file a concise statement

---

[3] 18 Pa.C.S.A. § 2701.

[4] The trial court acknowledged that it "showed [a]ppellant leniency by finding her guilty of the summary contempt charge rather than the misdemeanor simple assault charge." (Trial court Rule 1925(a) opinion, 8/6/19 at 12.)

of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and appellant timely complied. The trial court then filed its Rule 1925(a) opinion.

On appeal, appellant raises the following issue.

> Did not the [trial] court err in finding the appellant guilty of indirect criminal contempt for violating a [PFA] order where the language of the order was not sufficiently definite, clear, and specific as to leave no doubt of the conduct prohibited inasmuch as there was no evidence that the appellant attempted to cause bodily injury to the father of her child, and the appellant's conduct could not be reasonably expected to cause bodily injury to him?

Appellant's brief at 3. As clarified in appellant's brief:

> The appellant was charged with violating a protection order which stated that the appellant "shall not abuse, stalk, harass, threaten or attempt to use physical force that would reasonably be expected to cause bodily injury to [the victim]." Because it is not clear whether the modifying phrase applies to only the last antecedent or every preceding item in the sentence, this order could plausibly be interpreted as prohibiting only conduct which "would reasonably be expected to cause bodily injury." For this reason, on the facts of the case, the Commonwealth failed to prove that the PFA order was "sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited." Without such proof, the evidence against the appellant was insufficient to support a conviction, and the appellant's conviction was in error.

*Id.* at 7 (citations omitted).

Initially, we note that the issue of the clarity of the PFA order was not raised in appellant's Rule 1925(b) statement.[5] "[I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Hitcho***, 123 A.3d 731, 756 (Pa. 2015). ***See also*** Pa.R.A.P. 302(a). Further, in her Rule 1925(b) statement, appellant fails to specify why the evidence was insufficient to support her conviction. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (requiring appellant to "concisely identify each error . . . with sufficient detail to identify the issue to be raised for the judge."). As this court stated in ***Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa.Super. 2008):

> If [a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This [c]ourt can then analyze the element or elements on appeal. The instant 1925(b) statement simply does not specify the allegedly unproven elements. Therefore, the sufficiency issue is waived.

---

[5] In her Rule 1925(b) statement, appellant's sufficiency of the evidence challenge merely stated that the trial court abused its discretion by finding appellant guilty of indirect criminal contempt where the evidence was not sufficient to support the verdict.

***Id. See also Commonwealth v. Roche***, 153 A.3d 1063 (Pa.Super. 2017),

***appeal denied***, 169 A.3d 599 (Pa. 2017). However, in an abundance of

caution, we will address appellant's sufficiency of the evidence claim.[6]

As to challenges to the sufficiency of the evidence, our standard of

review is well settled.

> In reviewing whether the evidence was sufficient to
> support a conviction for indirect contempt, we must
> determine whether the evidence admitted at trial, and
> all reasonable inferences drawn from that evidence,
> when viewed in the light most favorable to the
> Commonwealth as verdict winner, was sufficient to
> enable the fact finder to conclude that the
> Commonwealth established all of the elements of the
> offense beyond a reasonable doubt. In applying the
> above test, we may not weigh the evidence and
> substitute our judgment for the fact-finder. Finally,
> the trier of fact while passing upon the credibility of

---

[6] In ***Commmonwealth v. Maxey***, 2016 WL 71924 (Pa.Super. January 5, 2016) (unpublished memorandum), a panel of this court noted:

> We reject the Commonwealth's argument that
> Appellant waived his sole issue because he "failed to
> present it with sufficient specificity in his Rule 1925(b)
> statement." In support of that contention, the
> Commonwealth cites to ***Commonwealth v. Gibbs***,
> 981 A.2d 274 (Pa.Super. 2009), and
> ***Commonwealth v. Williams***, 959 A.2d 1252
> (Pa.Super. 2008). However, unlike the appellants in
> those cases, [a]ppellant herein was convicted of only
> one crime, which has two elements. Appellant's
> averment that there was "insufficient evidence . . ."
> which may in other instances be inadequate, is of
> sufficient particularity to permit our review of his
> issue.

***Id.*** at *2 n.2 (citation to Commonwealth's brief and appellant's Rule 1925(b) statement omitted).

> witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Shaner v. Harriman**, 189 A.3d 1088, 1091 (Pa.Super. 2018) (citations and quotation marks omitted).

Pursuant to 23 Pa.C.S.A. § 6114 (a), when a defendant violates a PFA order, the court may hold the defendant in indirect criminal contempt and punish the defendant in accordance with the law.

> In order to establish indirect criminal contempt, the Commonwealth must prove: 1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent.

**Commonwealth v. Felder**, 176 A.3d 331, 334 (Pa.Super. 2017).

Here, appellant contends the order is not clear because the language that appellant "shall not abuse, stalk, harass, threaten or attempt to use physical force that would reasonably be expected to cause bodily injury" is susceptible of more than one meaning. Appellant argues that the modifying clause "would reasonably be expected to cause bodily injury" can be interpreted to apply to either each of the items in the provision or only the last item.

> Therefore, a reasonable person reading the language of the PFA order might be uncertain about whether the order served to prohibit any conduct which might be characterized as "harass[ment]," or only such conduct "that would reasonably be expected to cause bodily injury."

- 6 -

Appellant's brief at 9 (citation omitted).

The flaw in appellant's argument is that even assuming, ***arguendo***, that there was some merit to this argument, it totally ignores the other provisions of both the temporary and final PFA orders.[7] In the final PFA order, in addition to the provision relied on by appellant, the court ordered that:

> [d]efendant shall not abuse, harass, stalk or threaten any of the above persons in any place where they might be found.

Final PFA order, 6/28/18 at 1; ***see also*** temporary PFA order, 6/7/17 at 1. This provision does not contain the modifying language "would reasonably be expected to cause bodily injury." The final order further provides that "[d]efendant shall not contact [p]laintiff, or any other person protected under this order, by telephone or by other means, including through third persons." (***Id.***)

The PFA Act provides that any term not defined in the Act shall have the meaning given to it in the Crimes Code. ***See*** 23 Pa.C.S.A. § 6102(b).

> A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:
>
> (1)   strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]

---

[7] Appellant does not aver that she lacked notice of these orders or was unaware of the terms therein.

18 Pa.C.S.A. § 2709 (a)(1).

The victim in this case testified that appellant hit him several times with closed fists. This testimony was corroborated by the police officer who observed the altercation. Thus, the evidence was sufficient to establish harassment beyond a reasonable doubt.[8] **See Commonwealth v. Campbell**, 2016 WL 5930255 (Pa.Super. Sept. 7, 2016) (unpublished memorandum) (finding two punches to victim's arm sufficient to prove simple assault, disorderly conduct and harassment). As to the wrongful intent required to find indirect criminal intent, "wrongful intent can be imputed by virtue of the substantial certainty that . . . [a course of conduct would be] . . . in violation of the PFA [o]rder." **Commonwealth v. Brumbaugh**, 932 A.2d 108, 111 (Pa.Super. 2007). As appellant's actions were volitional in nature and made with wrongful intent, the evidence was sufficient to sustain her conviction for indirect criminal contempt.[9]

---

[8] Appellant does not dispute that she hit the victim. We note that in her brief, appellant claims the trial court "adequately summarized the factual history of this case in [its Rule 1925(a) o]pinion" and incorporated those facts in her statement of the case. (Appellant's brief at 4.) This included the trial court's finding that appellant's testimony was not credible. (**Id.** at 5.) Appellant further acknowledged that her conduct was annoying and implies that her conduct violated the PFA order under one interpretation. (**Id.** at 10.)

[9] The trial court also found appellant guilty of violating the no-contact provision of the PFA order for attacking and assaulting the victim outside the police station. (**See** final PFA order, 6/28/18 at 2-3, ¶¶ 3, 4; trial court Rule 1925(a) opinion at 11-12.) As there was sufficient evidence to prove harassment, we need not address this second violation.

Our review of the record reveals that the evidence presented at trial supports the trial court's findings and conclusions. Therefore, appellant's claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/20