J-A10031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARY DELANEY,<br>BARBARA DELANEY AND<br>HELEN DELANEY | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 2339 EDA 2023 |
| ALFONZO SAWYER | : | |

Appeal from the Judgment Entered December 8, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 190606044

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JULY 2, 2024**

Mary Delaney appeals from the judgment entered in favor of Alfonzo Sawyer, in this civil action filed in the Philadelphia County Court of Common Pleas on December 8, 2023.[1] After careful review, we affirm.

On July 5, 2017, Delaney was in a two-car motor vehicle accident in which her car was rear-ended by Sawyer. On October 18, 2019, Delaney filed

---

[1] While the notice of appeal purports to be an appeal by all defendants in the underlying matter, including Mary Delaney, Barbara Delaney, and Helen Delaney, only Mary Delaney is referenced in the statement of matters complained of on appeal and in the appellate brief. Accordingly, any matters as to Barbara and Helen are considered waived. For ease of disposition, this memorandum will focus solely on Mary Delaney (hereinafter "Delaney"), even where Barbara and Helen may have originally been involved.

a complaint against Sawyer for claims of personal injury sounding in negligence.

Following an arbitration hearing in September 2022, the panel found in favor of Delaney and against Sawyer, awarding Delaney $25,000. Delaney appealed from the arbitrator's award, requesting a jury trial.

A jury trial was held between August 16 – 18, 2023, during which Delaney testified, along with medical experts from each side. Sawyer did not testify. At the close of evidence, Delaney made an oral motion for a directed verdict on Question Number 1 on the verdict sheet – "Do you find the defendant Alphonso Sawyer was negligent?". N.T., Jury Trial, 8/18/23, at 6. Specifically, Delaney requested the court either to direct the jury to answer yes to Question Number 1, or to remove the question and inform the jury that negligence was established by the evidence presented. The court denied the motion, noting that no stipulation had been made regarding negligence. **See id**. at 7.

The jurors were instructed that if their answer was "no" as to Question Number 1, they should stop and return to the courtroom without answering any further questions. **See** Verdict Sheet, at 1. Following deliberations, the jury returned a verdict in favor of Sawyer, finding Sawyer was not negligent. **See** N.T., Jury Trial, 8/18/23, at 75. Delaney raised no objection to the verdict at that time.

Delaney timely filed a "Motion for Post-Trial Relief Pursuant to Pa. R.C.P. 227.1; Motion for Judgment Notwithstanding the Verdict; Motion to Vacate the Verdict", asserting Sawyer was negligent and the verdict was against the weight of the evidence. The only relief Delaney sought was a new trial limited to damages. After consideration, the trial court denied post-trial relief. This timely appeal followed.[2]

Delaney purports to raise five issues on appeal as follows, which we slightly rephrase for ease of reading:

> 1. Was the portion of the verdict of the jury finding that Sawyer was not negligent against the clear weight of the evidence?
>
> 2. Whether the trial court erred in denying Delaney's motion for a directed verdict, which motion requested the court to find as a matter of law that Sawyer was negligent, or to instruct the jury that Sawyer was negligent, or to remove the question of negligence from the verdict form.
>
> 3. Whether the trial court erred in denying Delaney's motion for post-trial relief requesting a new trial on the issue of damages because the verdict of the jury in finding no negligence on the part of Sawyer, was against the clear weight of the evidence presented at trial as Sawyer's medical expert conceded that Delaney suffered compensable personal injury damages?
>
> 4. Did the trial court err in denying Delaney's motion for post-trial relief because her uncontradicted injuries were significant and of

---

[2] Delaney purported to appeal from the order denying post-trial relief. However, "the proper, procedural course to pursue in perfecting an appeal from [a] jury verdict is to reduce the verdict to judgment and take an appeal therefrom and not from an order denying post-trial motions." **Crosby v. Department of Transportation**, 548 A.2d 281, 283 (Pa. Super. 1988). Pursuant to our rule to show cause order, final judgment was subsequently entered by *praecipe* on December 8, 2023. We have changed the caption accordingly.

the type that naturally and normally cause pain and suffering and did in fact cause Delaney to suffer such non-economic damages, and, accordingly, when the jury was not free to disregard them?

5. Did the trial court err in denying Delaney's motion for post-trial relief because the court had no reasonable basis to believe that either (1) the jury did not believe the plaintiff suffered any pain and suffering, or (2) that a preexisting condition or injury was the sole cause of the alleged pain and suffering?

Appellant's Brief, at 3.

As a preliminary matter, we note that Delaney's brief violates our rules of appellate procedure. While Delaney's brief contains an argument section, it is not divided "into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Instead, the argument portion of her brief is only one main section: "A. Appellant, Mary Delaney, Should be Granted A New Trial on the Issue of her Damages." While her statement of questions involved alleges trial court error, her argument section generally challenges the jury's verdict.

To the degree that the issues raised in her statement of questions are addressed in her one main argument on appeal, we find them waived or without merit. Delaney categorizes her claims as going to the weight of the evidence.

> A weight challenge is *sui generis*. Such a claim is not premised upon trial court error or some discrete and correctable event at trial, but instead ripens only after, and because of, the jury's ultimate verdict in the case. The challenge does not dispute the power of the jury to render the verdict it rendered, nor does it even allege any facial error in the verdict of the jury (be it, in the eyes of the challenger, a flaw, an inconsistency or a total injustice). Assuming that the case properly was ripe for jury consideration--*i.e.*, neither of the parties was entitled to a directed verdict because a properly joined issue of material fact remained

- 4 -

for resolution—the jury is fully empowered to rule in favor of either or any party. The basis for a weight claim derives from the fact that the trial court, like the jury, had an opportunity to hear the evidence and observe the demeanor of the witnesses; the hope and expectation animating a weight challenge is that the trial court will conclude that the verdict was so contrary to what it heard and observed that it will deem the jury's verdict such a miscarriage of justice as to trigger the courts time-honored and inherent power to take corrective action.

***Criswell v. King***, 834 A.2d 505, 512 (Pa. 2003).

Here, while Delaney states she is challenging the weight of the evidence, her argument is not that the jury improperly weighed competing evidence. Rather, her argument is that the jury was not permitted as a matter of law to find Sawyer was not negligent because the evidence only supported a finding of negligence. This type of argument is directed at the trial judge, i.e., the trial judge's decision to deny the request for a directed verdict on the issue of negligence.

However, after a review of the record, it is clear Delaney has misconstrued the evidence presented, and accordingly we find her claims are belied by the record. Generally, Delaney challenges the jury's finding that Sawyer was not negligent. The law of negligence is well-settled in Pennsylvania:

Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances. The mere occurrence of an accident does not establish negligent conduct. Rather, the plaintiff has the burden of establishing, by a preponderance of the evidence, that the defendant engaged in conduct that deviated from the general standard of care expected under the circumstances, and that this deviation proximately caused actual harm.

***Martin v. Evans***, 711 A.2d 458, 461 (Pa. 1998) (citations omitted).

Delaney focuses her argument on the theory that a jury award should be set aside as inadequate "where it clearly appears from the uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff." Appellant's Brief, at 9 (citation omitted).

Here, after hearing all of the evidence presented, the jury rendered a verdict of no negligence by Sawyer. Accordingly, the verdict in this case did not contain an "amount" and did not consider any "loss suffered by the plaintiff." Delaney's entire argument pertains to her injuries and pain and suffering, which are only relevant in terms of damages. However, since the jury did not find Sawyer to be negligent, they never reached the issue of damages.

Similarly, Delaney only cites to case law regarding compensable injury and pain. ***See id***. at 9-10. The cases Delaney cites to in support of her claims are cases in which negligence or liability was conceded, and the only issue was the amount of damages awarded.

However, other than baldly claiming Sawyer "admitted to causing" the accident, or relying on "undisputed liability," Delaney does not cite to any trial evidence which supports a finding that Sawyer was negligent. Despite her bold assertion to the contrary, Sawyer only admitted that he rear-ended Delaney's vehicle. Importantly, he made no statements regarding causation or negligence. Notably, Delaney did not call Sawyer as of cross examination to

ask any such questions. Accordingly, with no concession, stipulation or testimony by Sawyer, liability and causation were very much disputed at the trial.

Since the beginning of trial, Delaney has relied, to her detriment, on her assertion that negligence was somehow conceded or admitted. This is simply not the case. The trial court advised Delaney about the lack of a stipulation as to negligence in denying her motion for a directed verdict. The court made it clear that it specifically asked at the beginning of trial if there were any stipulations, and that nobody said anything about negligence. Accordingly, it was Delaney's burden to prove negligence. *See Martin*, 711 A.2d at 461.

The trial court accurately summarized the relevant evidence presented as follows:

A. On July 5, 2017, [Delaney] and [Sawyer], were both travelling a Pennsylvania interstate highway in congested, post-holiday traffic.

B. [Delaney], on May 23, 2017 was in a three-car motor vehicle accident and claimed substantially the same injuries as the immediate accident. Following the May 23, 2017 accident, [] Delaney was transported by ambulance to the hospital from the scene of the accident and was still receiving treatment at the time of the accident that is the subject of this case. Her car was also reported to be left undrivable and had to be towed from the location of the accident.

C. In photographs of damage to the [Delaney]'s car, there was only physical evidence of the May 23, 2017 accident. There was no evidence of physical damage to [Delaney]'s car that resulted from the July 5, 2017 accident.

D. The testimony of the witnesses for [Delaney] was at times contradictory and incredible. [Delaney]'s car was hit from the rear,

but Helen Delaney, a passenger in the car, reports being flung forward. Furthermore, Helen Delaney did not correct or contest the assertion, on questioning, that the conditions on the highway were bumper-to-bumper, yet, a bit incredibly to this [c]ourt, she reported looking back, from her position in the rear middle passenger seat, and seeing a car approaching behind their car, getting in and out of traffic, and speeding prior to hitting their vehicle.

E. In the report of [Delaney]'s own expert, in his recitation of [Delaney]'s medical records, Dr. Robert F. Sing reported that:

> In the records it was noted that Dr. Tosh was already treating [Delaney] for injuries sustained in the 5/23/2017[] MVA for essentially the following diagnosis: Cervical sprain/strain (whiplash type) with intersegmental dysfunction and muscle spasm, and lumbosacral sprain/strain with intersegmental dysfunction and muscle spasm with Myofascial Pain Syndrome, also suffering from neck pain, more so on the left, with shooting pain along the left paraspinal regions to the length of the spine and left pain the prior evening. On 6/27/17, [Delaney] reported right leg in addition to the left lumbar pain and left T2 spinous process pain. She reported on that visit continuing costochondral rib pain on the left 10th rib. With overall improvement noted on 6/30/2017, lower neck pain radiating into the left posterior shoulder was persistent. She continued with intermittent right leg pain/stiffness.
>
> She returned to Dr. Tosh on 7/1//2017 with left shoulder and left upper back pain. On 7/14/2017, [Delaney] continued with left upper back and left shoulder pain in addition to persistent right upper back and right shoulder pain. Complaints of continued left neck, upper back, and shoulder pain, in addition to a new complaint of left lower back pain radiating into the left proximal thigh was noted on 7/21/2017. At the last chiropractic treatment session on 7/26/2017, it was documented that [Delaney] stated her symptoms had substantially improved overall although she continued to report soreness during manipulative efforts over the thoracic and lumbar spines.

Sing, R. "Expert Opinion." 02/15/2023.

F. [Sawyer] presented the expert opinion of Dr. Dennis McHugh. He testified regarding [] Delaney's subjective complaints, those being, "what the individual indicates that their symptoms are," versus his objective observations, those complaints being, what he can verify through his training, experience, and observations through physical examination. Dr. McHugh stated that, in his professional opinion, [] Delaney's subjective complaints were "disproportionate compared to objective findings, which were negligible." He further states that he, "didn't find anything objective that would substantiate what she was complaining about."

G. Dr. McHugh explained one such example where, in his opinion, [] Delaney's subjective complaints did not match his objective observations:

To give you an idea, when I went through the range of motion of her cervical spine, she had no motion and when I say no motion, I mean zero. She wouldn't flex her neck. She wouldn't extend her neck. She wouldn't side bend her neck. She wouldn't rotate her neck. Yet, there were other aspects of the examination during distraction maneuvers when she was changing position or during the history or when I was examining the shoulder or the back where she was moving her neck freely, clearly indicating to me that she was not setting forth a true physical representation of what she could and couldn't do.

Delaney Dep. At 17-18 (05/31/2023).

H. [Sawyer] acknowledged rear-ending [Delaney]'s car. However, at no time did he stipulate to or concede negligence.

Trial Court Opinion, 12/11/23, at 5-8. Based on the testimony cited above, the credibility of the witnesses, and weighing the conflicting testimony, the trial court found there was sufficient evidence for the jury to find Delaney failed to meet her burden of proving negligence. *See id*. at 8.

As Delaney spends a majority of her argument on matters that were not reached by the jury, she fails to develop an argument regarding whether or

not she met her burden of proving negligence. As such, we find her claim waived on this basis alone. *See Commonwealth v. Williams*, 959 A.2d 1252, 1258 (Pa. Super. 2008) (finding issue waived where appellant failed to properly develop claim and set forth applicable case law).

We note, in any event, we would be unable to give Delaney the relief she seeks - a new trial limited to damages. We have long-recognized that

> [t]rial courts have broad discretion to grant or deny a new trial ... [and,] absent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial. In addition, [t]he trial court's decision whether to limit a new trial to a particular issue or grant a new trial as to all issues will not be reversed absent an abuse of discretion.

*Banohashim v. R.S. Enters., LLC*, 77 A.3d 14, 22–23 (Pa. Super. 2013) (citations and quotation marks omitted).

Where, as here, Delaney seeks a new trial as to damages only, other principles also govern our review. Our Supreme Court has held,

> new trials may be limited to specific issues only when this procedure will be fair to both parties. Where the question of negligence or contributory negligence is not free from doubt, it is an abuse of discretion for the trial judge to grant a new trial on the issue of damages alone. Specifically: a trial court may grant a new trial limited to the issue of damages only where (1) the question of liability is not intertwined with the question of damages, and (2) the issue of liability is either (a) not contested or (b) has been fairly determined so that no substantial complaint can be made with respect thereto.

*Id*. at 23 (citations and quotation marks omitted). As stated, Delaney simply did not meet her burden to prove negligence. Contrary to her assertion, the issue of liability remained disputed. As such, since "the question of negligence

- 10 -

or contributory negligence is not free from doubt," she cannot be granted a new trial limited to damages. ***Id***.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/2/2024