J-A24011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NAIKIR GREEN | : | |
| | : | |
| Appellant | : | No. 440 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 4, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009481-2021

BEFORE: LAZARUS, P.J., KING, J., and LANE, J.

JUDGMENT ORDER BY LAZARUS, P.J.:     **FILED DECEMBER 05, 2024**

Naikir Green appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his conviction of one count of possession of firearm prohibited.[1]  After careful review, we affirm.

The trial court summarized the factual history as follows:

> Philadelphia Police Officer Robert Lamanna testified [that] on October 14, 2020[,] he . . . was following a series of Instagram posts relating to two recent shooting victims when he came across an account identified as "NA.VITO" with stories depicting [Green] in the area of the King of Prussia Mall, seated inside of a vehicle brandishing a firearm.  The video was played in court and depicted [Green] with a white shark mask covering the bottom portion of his face [and] reach[ing] under his seat and pull[ing] out a firearm.  Officer Lamanna recorded the videos[.]
>
> Detective James Brady . . . received the recording of [] "NA.VITO" . . . and testified [the individual was] Green.  Detective Brady subsequently determined [Green's] criminal history prohibited

_____

[1] 18 Pa.C.S.A. § 6105(a)(1).

him from possessing a firearm and located [the] most recent address for [Green's] PENNDOT license information. On October 26, 2020, [police] executed a search warrant at [Green]'s address[.]

Following a knock and announce, police made entry and were directed to the basement level area that was converted into a bedroom. There they found the following personal articles: an American Airlines boarding pass in the name [of] Naikir Green, photographs of [Green], mail from probation addressed to [] Green reflecting the [same] address [as contained in the search warrant], and a laptop computer on top of the bed with the name Naikir Green on the screen. There was also a shark design facemask hanging on the wall that appeared identical to the mask worn by [Green] in the Instagram video. A sneaker box was found on the floor with a gray and black Polymer 80 .9-millimeter firearm[], with a 30-round extended magazine, containing 22 live .9-millimeter rounds.

The parties stipulated that the firearm was operable and that [Green] had a disqualifying conviction prohibiting him from possessing a firearm.

Trial Court Opinion, 2/28/24, at 2-3 (some quotations and citations omitted).

Green was charged, *inter alia*, with the above-mentioned offense. Green proceeded to a non-jury trial, after which the trial court convicted Green of the above-mentioned offense. The remaining charges were *nolle prossed*. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report. On January 4, 2024, the trial court sentenced Green to 3½ to 7 years' incarceration.

Green filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Green now raises the following claim for our review: "Whether the verdict was based

upon insufficient evidence as a matter of law and thus, whether a judgment of acquittal should have been awarded?"  Brief for Appellant, at 5.

Green has waived his sufficiency challenge for failing to adequately raise it in his Rule 1925(b) statement.  *See* Pa.R.A.P. 1925(b)(4)(ii) ("The [s]tatement shall concisely identify each error that the appellant intends to assert with **sufficient detail to identify the issue to be raised** for the judge.").  Here, Green's Rule 1925(b) statement includes the following claim "Whether the trial court erred in rendering a finding of guilty when the evidence was not sufficient?"  Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 2/21/24, at 1.  Green failed to identify which elements of his conviction he challenges.  *See Commonwealth v. Williams*, 959 A.2d 1252, 1257-58 (Pa. Super. 2008) (Rule 1925(b) requires appellant preserve sufficiency issues by specifying which convictions and which element or elements challenged).  Consequently, Green's sufficiency challenge has been waived.[2]

Judgment of sentence affirmed.

---

[2] Moreover, even if Green had not waived this claim, we would conclude that his challenge lacks merit where the trial court found that the circumstantial evidence supported a finding that Green constructively possessed the firearm. *See* Trial Court Opinion, 2/28/24, at 6-7.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/5/2024