J-S22028-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WILLIAM ROBERT KWORTNICK | : | |
| Appellant | : | No. 2971 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 27, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000739-2025

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WILLIAM ROBERT KWORTNICK | : | |
| Appellant | : | No. 2972 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 27, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000679-2025

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED JUNE 22, 2026**

Wiliam Robert Kwortnick ("Kwortnick") appeals from the judgments of

sentence imposed at two dockets following his convictions for theft by unlawful

taking or disposition — movable property, unauthorized use of automobiles

and other vehicles, theft of leased property, and receiving stolen property.[1] We affirm.

Given our disposition, a detailed recitation of the factual and procedural history of this matter is unnecessary. Instead, we briefly note that in 2025, Kwortnick rented a U-Haul vehicle for twenty-four hours, which he failed to return. The U-Haul vehicle was reported as stolen, and police located it in a hotel parking lot several weeks later. Upon investigation, police discovered Kwortnick and a woman residing in the back of the U-Haul vehicle. The Commonwealth charged Kwortnick with the above offenses, and the matters proceeded to a consolidated non-jury trial in July 2025.[2] At the conclusion of trial, the court found Kwortnick guilty of each of the above offenses. On October 27, 2025, the trial court sentenced Kwortnick at both dockets to an aggregate term of time served to twenty-three (23) months in prison. Kwortnick filed a timely notice of appeal. The trial court ordered him to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, Kwortnick filed a statement raising the following issue:

_____

[1] *See* 18 Pa.C.S.A. §§ 3921(a), 3928(a), 3932(b)(1), 3925(a).

[2] The Commonwealth initially charged Kwortnick at docket CR-00679-2025 with receiving stolen property, stemming from the discovery by law enforcement of his possession of the stolen U-Haul. The Commonwealth thereafter filed a second criminal complaint at docket CR-00739-2025, charging Kwortnick with theft by unlawful taking, unauthorized use of a motor vehicle, and theft of leased property. Kwortnick did not object to the consolidation the dockets for trial.

"the trial court erred in that there was insufficient evidence to support the conviction for all charges."  Concise Statement, 12/5/25, at unnumbered 1 (unnecessary capitalization omitted).  The trial court thereafter authored an opinion pursuant to Rule 1925(a).

Kwortnick raises the following issue for our review: "whether the trial court erred when it found sufficient evidence supported guilty verdicts against [Kwortnick] on all charges?"  Kwortnick's Brief at 2 (unnecessary capitalization omitted).

Initially, we must determine whether Kwortnick preserved this issue for our review.  This Court has consistently held that, if an appellant wishes to preserve a claim that the evidence was insufficient, then the appellant's Rule 1925(b) statement must specify the element or elements of each conviction upon which the evidence was allegedly insufficient.  ***See Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020); ***see also Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (holding that, in order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient).  Where a Rule 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal.  ***See Bonnett***, 239 A.3d at 1106.  Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes, each of which contains more

than one element that the Commonwealth must prove beyond a reasonable doubt. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009).

In the instant matter, the trial court convicted Kwortnick of theft by unlawful taking or disposition — movable property, unauthorized use of automobiles and other vehicles, theft of leased property, and receiving stolen property, each of which contains more than one element that the Commonwealth must prove beyond a reasonable doubt. *See* 18 Pa.C.S.A. §§ 3921(a), 3928(a), 3932(b)(1), 3925(a). After Kwortnick filed a notice of appeal, the trial court ordered him to file a concise statement pursuant to Rule 1925(b). *See* Order, 11/17/25, at 1. However, our review of the concise statement reveals that Kwortnick stated his sufficiency claim as follows: "the trial court erred in that there was insufficient evidence to support the conviction for all charges." Concise Statement, 12/5/25 (unnecessary capitalization omitted). The concise statement failed to specify the element or elements of theft by unlawful taking or disposition — movable property, unauthorized use of automobiles and other vehicles, theft of leased property, and receiving stolen property that Kwortnick alleges went unproven at trial. *See id*. Due to this deficiency, the trial court determined that Kwortnick's sufficiency claim was waived. *See* Trial Court Opinion, 12/17/25, at 4-5.[3]

_____

[3] In its opinion, the trial court also addressed Kwortnick's sufficiency challenge in the event that it was not waived,. However, this does not affect our analysis, as waiver applies even where the trial court addresses the issue in

*(Footnote Continued Next Page)*

Based on our review, we conclude that Kwortnick failed to preserve his challenge to the sufficiency of the evidence for our review. Because Kwortnick did not identify in his court-ordered concise statement the element or elements of each conviction upon which the evidence was allegedly insufficient, his sufficiency challenge is waived. **See Bonnett**, 239 A.3d at 1106; **see also Gibbs**, 981 A.2d at 281. Accordingly, we affirm the judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/22/2026

_____

its Rule 1925(a) opinion. **See Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008) (stating "the presence of a trial court opinion [is] of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim").